[No. 12168.   Department Two. — June 9, 1887.]

W. O. STUTTMEISTER, Petitioner, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Estate of Decedent — Claim — Demand for Services as Attorney for Administrator — Order for Payment — Appeal. — The demand of an attorney for services rendered an administrator during the progress of the settlement of the estate of a decedent, which is presented to the administrator and allowed and approved by the Probate Court, and ordered to be paid out of the estate in the due course of administration, although not technically a "claim" against the estate within the meaning of section 968 of the Code of Civil Procedure, will be treated as such, and the order directing the administrator to pay it is appealable.

Application for a writ of review. The facts are stated in the opinion of the court.

*Ben Morgan,* for Petitioner.

*E. J. & J. H. Moore,* for Respondent.

Searls, C. J. — This cause comes up on a writ of review issued to the Superior Court in and for the city and county of San Francisco (department 9).

From the record presented, it appears that in 1884 John A. Collins presented a claim for services as attorney against the estate of F. W. R. Stuttmeister, deceased, to W. O. Stuttmeister, the administrator of such estate, and such proceedings were afterward had therein that on or about October 10, 1884, such claim was allowed and approved by the Probate Court for three hundred dollars, and ordered to be paid out of the estate in due course of administration.

On the seventeenth day of May, 1887, the said Superior Court in probate made an order upon the administrator, requiring him to forthwith pay to said John A. Collins said sum of three hundred dollars, so allowed as aforesaid.

That thereafter and on the eighteenth day of May, 1887, W. O. Stuttmeister, administrator as aforesaid, took and perfected an appeal to this court from said order of May 17, 1887, requiring him as such administrator to pay said sum of three hundred dollars, as aforesaid.

A *supersedeas* bond was filed, and the appeal is in all respects regular in form.

Subsequent thereto the court below proceeded to adjudge said administrator guilty of contempt for failing to pay over said sum of money, in accordance with such order of May 17, 1887, and adjudged him guilty of such contempt, and fined him in the sum of two hundred dollars, and in default of payment thereof committed him to the custody of the sheriff, etc., whereupon said administrator sues out this writ of review.

If the order for the payment of the three hundred dollars was appealable, then the proceedings thereon having been stayed by an appeal and *supersedeas* bond, as provided by the Code of Civil Procedure, the Superior Court was divested of jurisdiction to act further in the matter pending such appeal.

By section 963, Code of Civil Procedure, an appeal to the Supreme Court is given from certain orders of the

Superior Court in probate proceedings, among which are judgments or orders for "the payment of a debt, claim, legacy, or distributive share," etc.

The contention of counsel for respondent is that the demand in question is for services rendered in the progress of administration, and is not a *debt* or *claim* within the purview of section 963, *supra,* and consequently that no appeal lies therefrom.

We are inclined to agree with counsel for respondent, that the term " claim " as used in the Code, in reference to estates of deceased persons, has reference to such demands or debts against the decedent as existed and (if due) might have been enforced against him in his lifetime by proper action (*Fallon* v. *Butler,* 21 Cal. 350; S. C., 81 Am. Dec. 140; *Estate of McCausland,* 52 Cal. 568); and that liabilities of the administrator or executor incurred in the management of the estate or in administering the trust, stand upon a different footing. Conceding all this, however, and the case is not altered.

In this instance, it is apparent the demand was presented, allowed, and ordered paid as a claim against the estate, to be paid, not as costs, but in the due course of administration.   When so allowed, it became one of the "acknowledged *debts* of the estate, to be paid in due course of administration."    (Code Civ. Proc., sec. 1497.)

When thus treated, an order for its payment was appealable under section 963, *supra.*

Respondent cannot treat the claim against the estate as an *established debt,* for the purpose of enforcing its payment out of the estate, and at the same time use it and the order founded thereon as the basis of an appeal.

It follows that the action of the court below in adjudging the administrator guilty of contempt after the appeal was perfected, and a bond for the stay of proceedings filed, was in excess of jurisdiction, and such proceedings to adjudge the administrator guilty of contempt, and to

punish him therefor, are quashed, and the court below ordered to stay further proceedings in such behalf, until the hearing and determination of the appeal from the order aforesaid.

McFARLAND, J., and SHARPSTEIN, J., concurred.