[No. 14929. In Bank. — March 12, 1892.]

MAGGIE LEACH, PETITIONER, v. W. L. PIERCE, SUPERIOR JUDGE, RESPONDENT.

ESTATES OF DECEDENTS — ALLOWANCE TO ATTORNEY APPOINTED BY COURT — APPEALABLE ORDER — BILL OF EXCEPTIONS. — An order of the superior court directing the administrator of an estate to pay a fee allowed by the court to an attorney appointed by the court to represent minor or non-resident heirs is an appealable order, and if a bill of exception to such order is presented in time by a person interested in the estate who intends to appeal therefrom, such person is entitled to have it settled.

ID. — REPRESENTATION OF HEIRS — ALLOWANCE OF ATTORNEY'S FEES — EX PARTE ORDER. — Under section 1718 of the Code of Civil Procedure, an order allowing an attorney, appointed by the court to represent minor or non-resident heirs, a fee for his services, to be paid out of the funds of the estate and charged to the interest of the parties represented by him, may be made ex parte, and no notice of the entry thereof is required to be given to persons interested in the estate.

ID. — WRITTEN OPPOSITION — NOTICE OF ORDER — TIME FOR BILL OF EXCEPTIONS. — If written objections are filed, by a party interested in the estate, to the granting of an application of an attorney appointed by the court to represent absent or minor heirs for the allowance of a fee, the party objecting thereto is entitled to notice of the entry of an order allowing the fee, and if the order is made without notice, is entitled to a reasonable time thereafter within which to prepare and serve a bill of exceptions.

ID. — ADJUDICATION OF REASONABLE TIME — SETTLEMENT OF BILL OF EXCEPTIONS — MANDAMUS. — Where an order is made by the superior court, allowing an attorney for absent heirs a fee for his services, and ordering it paid out of the estate, an order of the court granting an extension of time to a person interested in the estate in which to prepare and serve a bill of exceptions thereto is an adjudication that the time allowed is a reasonable time within which to perform the act required; and where the bill is prepared and served within the time allowed, the party presenting it is entitled to have it settled, and if the judge refuses to settle it he will be required to do so by a writ of mandamus.

MANDAMUS from the Supreme Court to the judge of the Superior Court of San Diego County.

The petitioner, Maggie Leach, was found by the superior court to be entitled to five sixths of the estate of Henry S. Burton, deceased, subject to distribution, and Elizabeth Cochrane and Richard Lull, absent grandchildren of the decedent, who were represented by an attorney appointed by the court, were found to be entitled each to one twelfth thereof. Further facts are stated in the opinion of the court.

*Wellborn, Parker & Stevens,* and *Haines & Ward,* for Petitioner.

*Luce & McDonald,* and *Works, Gibson & Titus,* for Respondent.

PATERSON, J. — The petitioner alleges that on the thirteenth day of November, 1890, in the superior court of the county of San Diego, in the matter of the estate of Henry S. Burton, deceased, Jim S. Callen, an attorney, in representing Elizabeth Cochrane and Richard Lull by appointment of the court, asked the court to allow him three thousand dollars fees in said matter as necessary expenses of administration; that on January 3d Judge Aitken allowed Callen two thousand five hundred dollars, and directed the administrator to pay the same out of the funds of the estate, and upon distribution to be charged to the interest of Elizabeth Cochrane and Richard Lull; that no notice of the entry of the order was ever given to petitioner; that on February 10th petitioner served her bill of exceptions, to which no objections or amendments were ever served by Callen; that in due time petitioner delivered the proposed bill to Judge Aitken; that at the time set for the settlement of the bill by the judge, namely, April 11, 1891, said judge refused to settle the bill. The petitioner then proceeds to allege matters similar to those contained in her petition filed in *Leach* v. *Pierce, ante,* p. 614, relating

to her application to this court for a writ of mandate to compel Judge Aitken to settle a bill of exceptions, the action of this court, her subsequent application to Judge Pierce, and his refusal to settle the bill.

The question as to whether a new trial is a proper proceeding in a matter of this kind is not involved, there being no allegation that steps for a new trial were taken. The order is appealable (*Stuttmeister* v. *Superior Court*, 72 Cal. 487); and if the bill of exceptions was presented in time, the petitioner is entitled to have it settled.

Section 1718 of the Code of Civil Procedure provides that the court may, in its discretion, appoint some competent attorney at law to represent in certain enumerated proceedings the devisees, legatees, heirs, or creditors of the decedent, who are minors and have no general guardian, or who are non-residents, and all others who are unrepresented. "The attorney may receive a fee, to be fixed by the court, for his services, which must be paid out of the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented by the attorney." The order may be made *ex parte*, and no notice of the entry thereof is required.

It is not alleged in the petition that any objections were filed by petitioner to the granting of the application of Callen; but it is immaterial whether objections were filed or not. If written objections were filed, the petitioner was entitled to notice of the entry of the order, and if the order was made without notice to petitioner, she was entitled to a reasonable time within which to prepare and serve her bill of exceptions. It appears that on January 25th the court granted the petitioner an extension of twenty days' time in which to serve the bill. This was an adjudication by the court that twenty days from January 25th was a reasonable time within which to perform the act required, and as the bill was prepared and served within the twenty days allowed, petitioner was entitled to have it settled.

The objections to the sufficiency of the petition are overruled. Let the writ be made peremptory.

HARRISON, J., DE HAVEN, J., McFARLAND, J., GAROUTTE, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.