[Civ. No. 219.    First Appellate District.—December 5, 1905.]

ALEXANDER CROSS, Petitioner, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO, Respondent.

PROHIBITION—ENFORCEMENT OF COLLATERAL INHERITANCE TAX—REPEAL OF ACT OF 1893—ADEQUATE REMEDY BY APPEAL.—Regardless of the question whether a collateral inheritance tax originally in force under the act of 1893 can be collected thereunder after the repeal thereof by the act of 1905, there being an adequate remedy for its determination upon appeal from an order directing its payment as a claim against the estate, or from a decree of distribution directing the deduction of the tax, a writ of prohibition will not lie to prevent proceedings for its enforcement under the procedure fixed by the act of 1893.

PETITION for Writ of Prohibition against the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Garoutte & Goodwin, for Petitioner.

A. L. Levinsky, Wilson & Wilson, S. F. Leib, and Oscar A. Trippett, *Amici Curiae.*

U. S. Webb, Attorney General, Percy V. Long, City Attorney, John S. Partridge, Assistant City Attorney, and Solinsky & Wehe, for Respondent.

COOPER, J.—This is an application for a writ of prohibition to be directed to the superior court of the city and county of San Francisco and to the presiding judge of department 10 thereof. The petition alleges: That James T. Cross died in January, 1905, being at the time of his death a resident of the city and county of San Francisco, and leaving a large estate, both real and personal, therein. That one Hynes was appointed administrator of the said estate, qualified, and letters of administration were duly issued to him, and that petitioner is the brother and sole heir at law of deceased. That under the collateral inheritance tax act

of the state of California, enacted in 1893, and the amendments thereto, if said act is still in force, the petitioner would be required to pay a collateral inheritance tax to the state of California upon the estate coming to him from the estate of deceased at the rate of five per cent upon the market value of said estate. That by an act of the legislature enacted at the session of 1905, which took effect July 1, 1905, another and different collateral inheritance tax act was passed, which expressly repealed the inheritance tax act of 1893. That, notwithstanding such repeal, the said superior court is about to and threatens to appoint an appraiser and proceed to have the said estate appraised, and the market value fixed under the method prescribed in the act of 1893, for the purpose of enforcing the collection of the collateral inheritance tax as fixed by the act of 1893, in accordance with the procedure therein laid down. The respondent filed a demurrer to the petition upon the ground that it does not state facts sufficient to authorize the writ of prohibition prayed for, and now claims that petitioner has a plain, speedy and adequate remedy by appeal in the ordinary course of law. The evident object of the proceeding is to obtain the opinion of this court as to whether or not a collateral inheritance tax can be collected under the act of 1893, after its repeal; but the conclusion which we have reached makes it unnecessary to decide that question.

The writ of prohibition arrests the proceedings of any tribunal when such proceedings are without or in excess of the jurisdiction of such tribunal, and there is no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., secs. 1102, 1103.) If there be a plain, speedy, and adequate remedy in the ordinary course of law, the writ will be denied. There are cases on the border line, in which it is a matter of some difficulty, and generally, in this state, a matter of discretion, as to whether or not there is a plain, speedy, and adequate remedy in the ordinary course of law. It is the general rule that, where there exists an opportunity for a review and correction of the wrong complained of in a higher court on appeal, prohibition will not lie. (Spelling on Injunctions and Other Extraordinary Remedies, sec. 1729; High on Extraordinary Legal Remedies, sec. 780; *Huguley Mfg. Co.* v. *Galeton Cotton Mills,* 184 U. S. 301, [22

Sup. Ct. 452]; *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]; *Agassiz* v. *Superior Court,* 90 Cal. 103, [27 Pac. 49].) In the latter case the court said: "Petitioners had the right to appeal from the order refusing to dissolve the attachment, and would have an appeal from any final judgment in the case; and such appeal being a plain, speedy, and adequate remedy in the ordinary course of law, within the meaning of section 1103 of the Code of Civil Procedure, prohibition does not lie. A remedy does not fail to be speedy and adequate. because by pursuing it through the ordinary course of law more time would probably be consumed than in the proceeding here sought to be used. And it makes no difference that in this instance a question of jurisdiction incidentally depends upon the validity of an attachment. If that were so, then in every ordinary civil action, whenever a defendant chose to raise a point of jurisdiction, either of the person or of the subject matter, he could by prohibition stop the ordinary progress of the action toward a judgment until this court had passed upon the intermediate question; and thus this tribunal would, in innumerable cases, be converted from an appellate to a *nisi prius* court."

Let us, then, examine the question as to whether or not the petitioner has a remedy by appeal. The main thing sought to be prohibited is the making of an order directing the payment of the tax under the act of 1893. In cases where the court makes an order fixing the amount of tax to which an estate is liable, it becomes the duty of the executor to collect or retain such tax, and pay it to the county treasurer for the use of the.state. The order would be in substance an order directing the payment of a claim—the claim of the state to the tax—and, as such, would be appealable. (Code Civ. Proc., sec. 963, subd. 3.) In *Stullmeister* v. *Superior Court,* 72 Cal. 487, [14 Pac. 35], the word "claim" as used in section 963 was given a broad meaning. It was held to include a demand for attorney's fees, allowed by the court to the administrator for services of his attorney. That case was followed and approved in *Leach* v. *Pierce,* 93 Cal. 627, [29 Pac. 239]. In *Estate of Stanford,* 126 Cal. 112, [54 Pac. 259, 58 Pac. 462], an appeal was taken, and never questioned, from the order directing the executrix to pay the collateral inheritance tax. Not only would the petitioner have

the right to appeal from the order directing the payment of the tax, but he would have the right to appeal from final distribution, if the decree should direct the deduction of the amount of the tax. That was the course taken in *Estate of Mahoney,* 133 Cal. 180, [85 Am. St. Rep. 155, 65 Pac. 389], and in *Estate of Campbell,* 143 Cal. 623, [77 Pac. 674], both of which involved questions as to the collateral inheritance tax law.

We are aware of no case where an order such as the contemplated order here has been stopped by the extraordinary writ of prohibition. If the attention of the lower court is called to the matter, we must presume that no illegal claim or demand will be allowed or ordered paid. If the ruling should be against petitioner, he has his remedy in the ordinary course of law by appeal, and can thus obtain the judgment of this court upon the question. In *Ophir Silver Min. Co.* v. *Superior Court of San Francisco,* 147 Cal. 467, [82 Pac. 70], the superior court was proceeding to try a case involving the issuance of an injunction enjoining a threatened injury to land in another state, and of which the courts of the sister state had jurisdiction. While it was held that the petitioner would have had a remedy by appeal, the writ was issued upon the ground that such remedy "would be wholly inadequate for the reason that much of the greater part of the expenses (of transporting witnesses, etc.) could not be recovered as legal costs."

The demurrer is sustained and the petition dismissed.

Harrison, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1906.