## In re IRWIN'S Estate; WILLIAM W. IRWIN, Exceptor, Appellant.

### Kansas City Court of Appeals, February 4, 1907.

1. **ADMINISTRATION: Administrator's Commission: Agreement.** The compensation of an administrator may be fixed, irrespective of statutory allowance, by an agreement between him and the persons interested in the estate.

2. ———: ———: ———: **Public Policy.** An agreement to administer an estate for a specified sum for a consideration pertaining to the administrator's right to obtain or retain that office, is void, since it amounts to trafficking for the position and is contrary to public policy.

Appeal from Vernon Circuit Court.—*Hon. Levin W. Shafer,* Judge.

AFFIRMED.

*M. T. January* for appellant.

(1) It does not violate any rule of public policy for an administrator, after his appointment, to enter into a contract, based on a sufficient consideration, to reduce his legal fees. Greer v. Nutt, 54 Mo. App. 4; May v. Moore, 99 Mo. App. 27; 11 Am. and Eng. Ency. of Law (2 Ed.), 1303; In re Mansfield, 80 Iowa 681; Koch's Estate, 148 Pa. St. 159; In re Turfler (Surrogate Ct.), 24 N. Y. Supp. 91; Newell v. West, 149 Mass. 520; Hubbell v. Olmstead, 36 Vt. 619; Littell v. Hackley, 126 Fed. Rep. 309; In re Hopkins, 32 Hun (N. Y.) 618; In re Hodgman, 140 N. Y. 421. (2) The settlement of a matter in dispute between two parties, the contention being in good faith, is a sufficient consideration for a contract. Anson on Contracts, pp. 68, 69; Valle v. Picton, 16 Mo. App. 178; Bank v. Geary, 5 Peters (U. S.) 99; Barlow v. Ins. Co., 4 Metc. 270; Hull v. Swartout, 29 Mich. 253; School District v. Matherly, 90 Mo. App.

403. (3) The agreement by exceptor to pay the premium on any extra bond the administrator might be required to give, was a sufficient consideration. Steele v. Johnson, 96 Mo. App. 147; Chenoweth v. Decocq, 69 Mo. App. 558. (4) The contracts whether valid or not, was wholly executed and the judgment of the court was wrong for that reason regardless of any others. Ward v. Hartley, 178 Mo. 135; Ulman v. Fair Association, 167 Mo. 273; In re Tucker, 62 N. Y. Supp. 1021; 2 Kent Comm. 467.

*Scott & Bowker* for respondent.

(1) The allowance of an administrator's commissions may be made at any time by any court before which his accounts are drawn in question, and where an exceptor has appealed even if the administrator does not appeal, the circuit court has the right to raise the amount of commissions over that allowed by the probate court. Ladd v. Stevens, 147 Mo. 335. (2) The administrator was lawfully in charge of this estate in question. R. S. 1899, secs. 292-294. (3) The contract in this case offered by the appellant to defeat the claim of the administrator as to his commissions was without consideration and void as against public policy. Porter v. Jones, 52 Mo. 399; Reed v. Tobacco Co., 2 Mo. App. 82; Bowers v. Bowers, 26 Pa. 74; Brown v. Bank, 137 Ind. 655; Hunter v. Nolf, 71 Pa. 282; Eddy v. Capron, 67 Am. Dec. 541; Ellicott v. Chamberlain, 38 N. J. Eq. 634; Hortsman v. Adamson, 101 Mo. App. 119; Baskett v. Moss, 115 N. Car. 448; Mechem on Public Officers, sec. 357; 15 Am. and Eng. Ency. Law (2 Ed.), pp. 966, 967. (4) It matters not that no particular injury to the public is done in a particular case. The law will declare void and against public policy all contracts of which the tendency is bad, irrespective of whether any particular injury is contemplated or done in the particular instance or not. Ridenbaugh v. Young, 145 Mo. 274; Brown v.

Bank, 137 Ind. 655. (5) In order to defeat a party on the ground of being in *pari delicto* the party must be asserting some right under the illegal contract, or it must be necessary for him to introduce it in order to make out his case. Roselle v. Beckman, 134 Mo. 380; Pendleton v. Asbury, 104 Mo. App. 723; Tyler v. Larrimore, 19 Mo. App. 445; Kitchen v. Greenbaum, 61 Mo. 110; Martin v. Hoge, 58 Am. Rep. 763. (6) The administrator is entitled to five per cent commissions on the actual value of assets distributed by him. Ladd v. Stevens, 147 Mo. 319. (7) Where a contract is illegal in whole or in part it is absolutely void. Sumner v. Summer, 54 Mo. 340.

BROADDUS, P. J.—In May, 1903, James E. Irwin died intestate in Vernon county, possessed of an estate of thirty-five or forty thousand dollars. He was a widower and left no heirs residing in Missouri. He had an only son who resided in Colorado. By order of the probate court of the county the respondent, Callaway, public administrator, took charge of the deceased's estate and administered it in due course of law. After the expiration of two years he made a final settlement in the probate court, at which time there arose a controversy over the amount of commission to which he was entitled. The court allowed him $800 commission. Both he and appellant, the son and heir at law, who was excepting to the allowance, appealed from the settlement made to the circuit court. On the trial in the circuit court, respondent claimed that he had distributed the sum of $34,000 as administrator of said estate and that his commission of five per cent would amount to $1,700. The appellant claimed that respondent was only entitled to the sum of $750 as commission by reason of a certain contract entered into by himself and the respondent a few months after the latter had taken charge of said estate. It was conceded that respondent had distributed

the said sum of $34,000 and that the commission to which he was entitled under the law was $1,700. The contract referred to is as follows:

"Nevada, Mo., September 4, 1903.

"It is hereby agreed by and between William W. Irwin and William L. Callaway that in consideration of the said Irwin making no objection to the said Callaway acting as administrator of the estate of James E. Irwin, deceased (the father of William W. Irwin), the said Callaway shall charge, for all his fees, services and expenses as such the sum of seven hundred and fifty dollars. In case it becomes necessary to employ the services of attorneys in said estate, said Callaway agrees to employ Scott & Bowker. All moneys collected upon said estate to be turned over by said Callaway to said William W. Irwin, that they may be reloaned and not held by said Callaway. Said estate to be closed at the earliest period possible. In case it becomes necessary for said Callaway to give further bond in said estate, the same shall be furnished by him and the cost thereof to be charged to said estate."

It was shown that Messrs. Scott & Bowker acted as counsel for both parties in the administration of the estate and that appellant paid them for their services. There was no evidence in the case pertinent to the question in dispute except the said contract. The court gave the following declaration of law: "The court declares the law to be that the contract introduced in evidence between W. L. Callaway and W. W. Irwin, providing for a payment of a certain amount as commission to the administrator, is without legal consideration to support it and is void on account of 'Public Policy.'"

The finding and judgment of the court was for respondent for the sum of $1,700 and the exceptor and heir appealed. The only question before the court is whether the contract mentioned was lawful and binding upon respondent as administrator of the estate in question.

In Greer v. Nutt, 54 Mo. App. 4, it was held: "A contract by an administrator made subsequently to his appointment and having no connection therewith, by which he agrees for a valuable consideration to divide his future commission with another person, is not illegal." The facts in that case were, that the administrator had paid a security company a certain sum to become his surety as administrator, and the defendant agreed with plaintiff that if she would pay one-half of the amount plaintiff had paid the security company he would pay her one-half of his commissions. And in May v. Moore, 99 Mo. App. 27, it was held: "Where an estate had been in process of administration for nearly two years, when the administrator was required to give a new bond and contracted with a surety thereon that, in consideration of his becoming such, the administrator would pay him, as soon as received, one-half of his commissions due such administrator," such contract was not invalid as a trafficking in the appointment of an administrator. In Vol. 11, p. 1303, Am. & Eng. Ency. of Law (2 Ed.), we find this statement: "The compensation of an executor or administrator may be fixed, irrespective of the statutory allowances, by agreement between him and the persons interested in the estate." We find the cases cited by the author sustain the rule as stated, especially in the case of Danner's Appeal, 148 Pa. St. 159, where it is said: "One who makes an agreement with the heirs of a decedent to settle up the estate as administrator for a fixed sum will be held to his agreement."

But admitting the rule as stated to be correct, it does not apply to the facts of this case. It is true the agreement here of the administrator with the heir was that he would administer the estate for a fixed sum, but the express consideration for such agreement was that the heir would make no objection to his administering the estate. This was trafficking in the office of the ad-

ministrator, which was void as being against public policy. "A promissory note, where the consideration is an agreement to procure a responsible party and have him appointed administrator of an estate, is void as against public policy." [Porter v. Jones, 52 Mo. 399.] It is held, "That a contract between a clerk of a county court and a deputy appointed by him, by the terms of which the latter was to continue as deputy for the whole period that the clerk should remain in office under his commission, was void as against public policy, and no action would lie for a breach of such contract by the removal of the deputy prior to the expiration of the full time." [Horstman v. Adamson, 101 Mo. App. 119.] "Traffic in public office is against good morals and contrary to public policy." [Basket v. Moss, 115 North Carolina 448.]

While an administrator may, lawfully, for a valuable consideration agree with the heir to render services as such for a compensation other than that provided by law, he cannot make any such agreement for a consideration pertaining to his right to obtain or retain that office, for that would amount to trafficking for the position and contrary to public policy. The court took the proper view of the law of the case.

Judgment affirmed. All concur.