W. L. CALLAWAY, Administrator, Respondent, v.
   THE TITLE, GUARANTY & TRUST COMPANY,
   Appellant.

Kansas City Court of Appeals, June 29, 1908.

1.  BOND: Indemnity: Construction: Administration: Commission.
    An heir gave the administrator of his father's estate a refund-
    ing bond conditioned to refund "such sums as may be neces-
    sary to pay any and all claims that may be allowed against the
    estate, together with all necessary costs and expenses in de-
    fending the same so that the said administrator shall be held
    harmless for loss or damage." *Held*, that the expression "any
    and all claims" means more than the debts, and covers unpaid
    commissions due the administrator as adjudged in the final set-
    tlement.    [Cases considered.]

2.  ———: ———: ———: Evidence.  Any uncertainty in a writ-
    ing may be made clear by showing the situation and circum-
    stances surrounding the parties; but where the instrument, as
    in this case, is free from ambiguity, it must receive the inter-
    pretation which the words composing it demand, and extrinsic
    aid is not needed.

3.  ———: ———: Defense: Unlawful Agreement: Former Adju-
    dication.  A defense that an administrator agreed to administer
    an estate for a less sum than his lawful commission is cut
    off by a former adjudication declaring the agreement void for
    illegality.

4.  ———: ———: ———: Unanticipated Contingency.  Compre-
    hensive language is used in indemnity obligations for the pur-
    pose of protection against matters not thought of when they
    are executed and such unanticipated matters, therefore, consti-
    tute no defense.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*M. T. January* for appellant.

(1) The petition does not state a cause of action, because the bond sued on and set out *in haec verba* does not purport to cover commissions of the administrator. Lloyd v. Rowe, 20 N. J. Law 680; Long v. Howell, 21 N. Y. Supp. 102. (2) Evidence of the conduct of the parties is competent as an aid in the interpretation of a contract in case of doubt, as well as evidence of all the facts and circumstances surrounding the transaction, therefore the court erred in striking out all of defendant's evidence. Arnoldia v. Childs, 70 Mo. App. 530, 534; Dobbins v. Edmonds, 18 Mo. App. 315; Brewing Co. v. Finnell, 39 Mo. App. 282; Deutman v. Kilpatrick, 46 Mo. App. 627.

*Scott & Bowker* for respondent.

The claim sued on in this case is covered by the express terms of the bond. Springteen v. Samson, 32 N. Y. Ct. App. 703; Allwein v. Werntz, 9 Atl. 925; Harris v. White, 5 N. J. 422.

ELLISON, J.—This action was brought by plaintiff on a bond of indemnity in which W. W. Irwin was principal and the guaranty company is the surety and the only party defendant. The judgment in the trial court was for the plaintiff.

It appears that W. W. Irwin was the sole heir to an estate in Vernon county and that plaintiff, the public administrator, was in charge of the estate as such administrator. Several months before the close of the administration Irwin became desirous that plaintiff turn over to him the greater part of the estate, con-

sisting of notes and securities amounting to more than thirty thousand dollars. Plaintiff agreed to do so if Irwin would secure him in such act. Whereupon Irwin, with defendant as his surety, executed the bond in suit, conditioned as follows: "The conditions of the above obligation is such, that whereas, the said William L. Callaway, public administrator of Vernon county, Missouri, having in charge the estate of James E. Irwin, deceased, has this day turned over to said William W. Irwin, the sole heir and distributee of the estate of said James E. Irwin, deceased, certain promissory notes secured by deeds of trust belonging to said estate. Now, therefore, if the said William W. Irwin, sole heir and distributee of the said James E. Irwin, shall refund and pay to the said William L. Callaway, public administrator as aforesaid, such sums as may be necessary to pay any and all claims that may be finally allowed against the estate of said James E. Irwin, deceased, together with all necessary costs and expenses in defending the same, so that the said William L. Callaway shall be held harmless from loss or damage, then this obligation to be null and void, otherwise to remain in full force and effect."

It afterwards turned out, on final settlement of the estate made by plaintiff and approved by the probate court, that there was due the plaintiff the sum of $800 as commissions as administrator. That sum was allowed by the probate court and became a part of the final settlement. In consequence of plaintiff having turned over to Irwin the notes and securities as above stated, there were no funds remaining in plaintiff's hands with which to pay such commission. Thereupon plaintiff brought this suit.

The foregoing is a sufficiently accurate and comprehensive statement to bring out the question we have for decision. That is this: Does the bond cover the matter of plaintiff's commission as administrator? We

readily answer that it does. Its terms are that Irwin will refund to plaintiff "such sums as may be necessary to pay any and all claims that may be finally allowed against the estate, together with all necessary costs and expenses in defending the same, so that the said William L. Callaway shall be held harmless from loss or damage." Defendant seeks to make the words "any and all claims" mean no more than all debts, and then it is sought to show, with good force of reasoning, that debts are understood to mean debts against the estate as distinguished from the expense of administration. It is readily conceded that debts against an estate are ordinarily understood to mean debts which were owed by the intestate. But a claim against an estate can with no show of reason nor by any understanding arising from common parlance, be said to be so restricted. Funeral expenses, current taxes, etc., constitute claims, and so, necessarily, does the lawful expense of administration, including commission for the administrator. If unpaid commission earned by an administrator is not a claim, by what word is it or can it be designated? It is such an item of expense as may be and must be allowed by the probate court. Being a claim allowed, the bond would confessedly become operative as to it, if it were not for words following, words upon which defendant lays much stress, viz.: "together with all necessary costs and expenses in defending the *same*." Now we do not count those words as in any way limiting those proceedings. Defendant says "the same" means that the claims must be of that nature which may be defended by the administrator with expense. Those words do show that it was thought that some of the claims might be of such nature as to require and be capable of defense. But not that all of them should be. The words are merely protective, by way of caution, so that if any claims should require defense it could

be made within the bond. The bond includes such claims, but it does not exclude others. But if we are to take up the words following: "any and all claims"— and it is proper that we should—we must not overlook still others following the two defendant insists upon, viz.: "So that the said William L. Callaway shall be held harmless from loss or damage." These refer to the claims which defendant is to refund and they explain that defendant must so refund *any* claim that may be the subject of loss to the plaintiff.

But besides this, if anything more were needed, it was produced by plaintiff introducing in evidence the judgment on final settlement. As remarked by the learned trial judge in his opinion on the case, this was conclusive between the parties and certainly constituted a claim within the meaning of the law and the bond.

Counsel state that their research has shown authority on the subject to be quite limited, there being but two cases, neither by a full bench, and one said to be opposed to the other. That of Springsteen v. Samson, 32 N. Y. 703, is much in point for the plaintiff. The condition to refund in that case was to pay "any and all lawful debts, dues, demands and claims now due, or to grow due hereafter, from said John Springsteen, and fully and amply indemnify and save harmless said administrator and estate." The action was for expenses of administration, including a sum allowed by the surrogate for the administrator's commissions. These were held to be a claim against the estate.

The case cited as taking the opposite view is that of Lloyd v. Rowe, 20 N. J. L. 680. The condition of refunding in that case was that if afterwards there should appear to be wanting money to discharge "any debt or debts, legacy or legacies" which the executor did not have assets to pay, etc. The court held that the words "debt or debts" meant debts due by deceased in his lifetime and that they did not include commissions

to the executor. It was said in the course of its opinion that commissions could be deducted from the assets before the executor could be compelled to pay debts and in that way commissions would be indirectly secured by the bond, but that they could not be directly recovered " *by name* as such, for they are not within the condition of the bond." We have already seen that in the case at bar we have words of broader significance than those found in that case. Since the words we construe are "any and all claims," we need not say whether we agree that "any debt or debts" would not include the administrator's commission. Of course, if the latter words were thought to apply to debts of the deceased in his lifetime, they would not include commissions; but if they applied to debts against the estate, they might very well be given a different meaning.

Unless a written contract carries its clear meaning on its face, any uncertainty of meaning may be made clear by a showing of the situation and circumstances surrounding the parties. But if the instrument is free from ambiguity, it must receive the interpretation the words of which it is composed demand. And we therefore think the trial court properly determined the case from the bond itself. As its meaning was clear, it did not need extrinsic aid.

Among the defenses urged by defendant was one that plaintiff was not entitled to commission from the fact that he made an agreement with Irwin as heir that he would act as administrator for a certain sum, less than his lawful commission, which he had already received. Such defense is cut off by an adjudication in the circuit court that such agreement was void. The judgment in that case was afterwards affirmed by this court in an opinion by BROADDUS, P. J., and will be found reported in 123 Mo. App. 508 (*In re* Irwin.)

In arriving at our conclusion in this case we have not overlooked the several points suggested against such

view, including that to the effect that the parties could not have intended the bond to cover the item of commission to the administrator for the reason that at date of the bond they did not expect such item to arise. We think that consideration does not affect the question. It is common for comprehensive language to be used in indemnifying obligations for the purpose of protection against matters not thought of when they are executed. One is not to be held to show that he expected certain contingencies before he can utilize them as a basis for indemnity. Nor will one be permitted, by oral evidence, to set aside or qualify the plain and certain words of a written contract.

The judgment is affirmed. All concur.