IN RE SATTES' ESTATE. STATE, APPELLANT, v.
EISENHAUER, EXECUTRIX, RESPONDENT.

(No. 4,270.)

(Submitted January 11, 1921. Decided February 21, 1921.)]

[195 Pac. 1033.]

*Estates of Deceased Persons — Inheritance. Tax — Fixing
Amount—Appealable Orders—"Claims."*

Estates of Deceased Persons—"Claims"—Inheritance Tax.
1. A "claim" against the estate of a deceased person, within the
meaning of section 7098, subdivision 3, Revised Codes, means any
pecuniary demand against the estate, and therefore comprises an in-
heritance tax.

Same—Inheritance Tax—Order Fixing Amount—Appealable Order—Failure
to Appeal—Effect.
2. An order of the district court fixing the amount of an inheritance
tax due from an estate and directing its payment is appealable;
hence failure to appeal barred the state from calling in question the
correctness of the order on appeal from the decree allowing the final
account of the executor, after payment of the tax.

*Appeal from District Court, Silver Bow County; J. B. Mc-
Clernan,. Judge.*

IN THE MATTER of the estate of John B. Sattes, deceased.
From decree allowing final account of the executrix, the state
appeals. Affirmed.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* As-
sistant Attorney General, *Mr. Joseph R. Jackson,* County At-
torney, and *Mr. N. A. Rotering,* Assistant County Attorney of
Silver Bow County, for Appellants, submitted a brief; *Mr.
L. A. Foot,* Assistant Attorney General, argued the cause
orally.

*Messrs. Canning & Geagan,* for Respondent, submitted a
brief; *Mr. P. E. Geagan,* argued the cause orally.

The order of the court fixing the inheritance tax was and
is an appealable order. (*In re Blackburn's Estate,* 51 Mont.

2. Appealable orders in administration proceedings, see note in **Ann.
Cas.** 1913C, 850.

234, 152 Pac. 31.) It was made and filed on November 22, 1917. Any interested party had sixty days from that date to appeal from it. (Rev. Codes, sec. 7098.) This was not done; neither was there any motion to set aside or annul it, and it had become conclusive at the date of the hearing of the account, April 29, 1918; and the payment made under it, and in accordance with it, was not then subject to attack in the manner that appellants tried to attack it. The executrix was bound to comply with that order so long as it was not reversed, annulled or set aside, and her compliance with the same did not leave her account subject to attack by the county treasurer of Silver Bow county or the state of Montana.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from decree allowing final account of Nellie Eisenhauer, executrix of the estate of John B. Sattes, deceased. Objections to the final account were filed, which objections were directed to an item of $358.52, paid to the state of Montana for inheritance tax. It is the contention of appellant that the tax was less than should have been assessed against the estate.

On the twenty-second day of November, 1917, the court made an order determining the inheritance tax due from the estate at the sum of $358.52, and expressly directed the executrix "to collect the said tax, as provided by law, and pay said assessed amount of $358.52 to the proper officer, the treasurer of Silver Bow county, Montana, and to take duplicate receipts therefor, and return one of the same to this court, with her report in that behalf as by law required." No appeal was taken from this order, but thereafter objections were filed to allowance of this item in the final account, and appeal was taken from the order allowing the final account. Respondent challenges the jurisdiction of this court to entertain this appeal, for the reason that the order fixing the inheri-

tance tax and directing its payment is an appealable order, and therefore the objections to the amount of the tax cannot be considered on an appeal from the order allowing the account. In support of this contention respondent cites *In re Blackburn's Estate,* 51 Mont. 234, 152 Pac. 31. In the cited case, appeal was taken from an order directing payment of inheritance tax, and this court disposed of the case upon the merits. In that case, however, no question was raised as to whether or not the order fixing inheritance tax and directing its payment is an appealable order.

If order fixing inheritance tax and directing its payment [1] is appealable, it must be by virtue of section 7098, subdivision 3, Revised Codes, which provides, among other things, that an appeal may be taken to the supreme court from the district court from an order "refusing, allowing, directing the distribution or partition of an estate, or any, part thereof, or the payment of a debt, claim, legacy or distributive share." It can only be included within this provision of the statute if an inheritance tax is a claim within the meaning of that word as used in this statute. Inasmuch as the word "debt" is used in the same sentence in the same connection, it is evident that the words "debt" and "claim" are not synonymous, and the only conclusion therefrom is that the word "claim" must be interpreted in a broader sense. In its interpretation, when used in connection with estates of deceased persons, it is held to mean any pecuniary demand against the estate. (*Callaway* v. *Title Guaranty & Trust Co.,* 132 Mo. App. 466, 111 S. W. 905; *Cross* v. *Superior Court of San Francisco,* 2 Cal. App. 342, 83 Pac. 815.) In the consideration of the definition of this word, in the case of *Callaway* v. *Title Guaranty & Trust Co., supra,* the court uses this language: "It is readily conceded that debts against an estate are ordinarily understood to mean debts which were owed by the intestate. But a claim against an estate can with no show of reason, nor by any understanding arising from common parlance, be said to be so restricted. Funeral expenses,

current taxes, *etc.*, constitute claims, and so, necessarily, does the lawful expense of administration, including commission for the administrator.'' That such an order is an appealable [2] order under this clause of the statute has been held by the California supreme court in the following cases: *Cross* v. *Superior Court of San Francisco, supra; Becker* v. *Nye*, 8 Cal. App. 129, 96 Pac. 333. In the consideration of this question, the court, in the case of *Cross* v. *Superior Court of San Francisco, supra*, referring to inheritance tax orders, said: ''In cases where the court makes an order fixing the amount of tax to which an estate is liable, it becomes the duty of the executor to collect or retain such tax, and pay it to the county treasurer for the use of the state. The order would be in substance an order directing the payment of a claim—the claim of the state to the tax—and, as such, would be appealable. (Code Civ. Proc., sec. 963, subd. 3.) In *Stuttmeister* v. *Superior Court*, 72 Cal. 487, 14 Pac. 35, the word 'claim' as used in section 963 was given a broad meaning. It was held to include a demand for attorney's fees, allowed by the court to the administrator for services of his attorney.'' In the case of *Becker* v. *Nye, supra*, the court said, relative to order fixing an inheritance tax: ''And when the court has heard and determined the matter, its order or judgment has the qualities of other orders or judgments, and is conclusive, subject only to be reviewed on appeal.''

The determination of inheritance tax and the power to direct its payment under the statutes of this state are vested in the district court. When the district court, in pursuance of such authority, has made an order determining the tax and directing its payment, such order is a final determination of the right of the state as to the amount of inheritance tax that it shall receive from the estate. It becomes the law of the case until modified, set aside or reversed. It is provided that after the executor or administrator has made payment of the tax to the proper authorities and has received a countersigned receipt therefor, such receipt ''shall be a proper

voucher in the settlement of his accounts." (Session Laws, Fifteenth Legislative Assembly (1917), Chap. 40.) The final account cannot properly be rendered and settled until after the amount of the inheritance tax has been finally determined so that its payment can be made to appear in the final account. It was evidently the intention of the legislature that the tax should be determined by the court, that the court should order it to be paid by the executor or administrator, that countersigned receipts be given to such executor or administrator, and that thereupon such receipts shall be conclusive of the proper payment in the final account of the executor or administrator, unless an appeal be taken from the order fixing the tax and directing its payment.

The appeal in this case having been taken from the order allowing the final account, and not from the order fixing the inheritance tax and directing its payment, it is impossible for this court to review the correctness of the order of the district court in determining the amount of the tax.

The order allowing the account is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.