The opinion of the court was delivered by
Miller, J.
The deceased, a resident of New Orleans,'left heirs residing in France. Our treaty with that country provides in case of death of any citizen of France in the United States, without any testamentary executor by him appointed, the consul shall have the right to appear, personally or by delegate, in all proceedings on behalf of the absent or minor heirs. The stipulation is reciprocal, applying to estates of Americans dying in France. The French consul here appointed a delegate to represent the French heirs, and he applied for recognition to the Civil District Court, in which the succession was being administered. That court denied the application and appointed an attorney for the absent heirs. From the judgment dismissing the intervention of the appellant, claiming recognition as delegate, he prosecutes this appeal.
There is a motion to dismiss the appeal on the ground there is no pecuniary interest involved. There is involved a question of the construction and the execution of our treaty with France in respect to the interest of French heirs in a succession of over one hundred thousand dollars. The motion is denied.
If the treaty is susceptible of the construction of the appellant the. result would be to avoid the appointment of the attorney for the absent heirs, and require the recognition of the appellant as the delegate of the French consul. In our view the stipulation in this treaty puts the delegate in the position of an agent of the French heirs, with the same effect as if he held their mandate to represent them as heirs. That was the manifest purpose, and the language of the treaty plainly expresses that intention. There is no power to appoint an attorney for absent heirs when the heirs are present or •represented. Civil Code, Art. 1210; Robouam’s Heirs vs. Robouam’s *1455 Executor, 12 La. 73; Addison vs. New Orleans Savings Bank, 15 La. 527.
It is idle to call in question the competency of the treaty-making power, nor do we think any question can be raised that the subject of this treaty under discussion here is properly within the scope of the power. That subject is the rights of French subjects to be represented here by the consul of their country. On that subject the treaty provision is plain. The treaty by the organic law is the supreme law of the land, binding all courts, State and Federal. Constitution United States, Art. 6, par. 2; 1 Kent’s Commentaries, 165; Ware vs. Hylton, 3 Dallas, 197; 19 How. 1; 100 U. S. 483, 488; 133 U. S. 264, 266; Treaty with France, 1853, 10 Stats. 999, Sec. 12; Treaty with Belgium, 1880, Art. XV.
The treaty discloses no purpose to require our courts to appoint as the attorney for absent heirs the delegate of the French consul. Its purpose is accomplished by placing the delegate before the court as representing the absent heirs, and precluding the appointment of any attorney to represent them.
It is therefore ordered, adjudged and decreed that the judgment of the lower court, dismissing the intervention of the delegate of the French consul, be avoided and reversed, and it is now ordered, adjudged and decreed that said delegate be recognized and as such delegate, authorized to represent the absent heirs in this succession, and that.the succession pay the costs.