[Civil No. 765.  Filed March 18, 1902.]

[68 Pac. 527.]

In the Matter of the Estate of JAMES ROARKE, Deceased.  O. H. CHRISTY, Administrator, Appellant, v. THOMAS ARMSTRONG, JR., APPELLEE.

1. PROBATE COURT—WILL CONTEST—ABSENT HEIRS—APPOINTMENT OF COUNSEL — ALLOWANCE — JURISDICTION—REV. STATS. ARIZ. 1887, PAR. 1290, CONSTRUED.—Under the statute, *supra,* providing that at or before the hearing of petitions and contests for the probate of wills, the court may appoint an attorney for unrepresented heirs, and that such attorney may receive a fee to be fixed by the court for his services, which must be paid out of the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented, the probate court, or the district court on appeal, has authority to fix the attorney's fee and order its payment at any time after the completion of the services for which he was appointed.

2. SAME — SAME — SAME — SAME — SAME—SAME—EX PARTE ORDER— NOTICE UNNECESSARY.—Where an attorney had been appointed under the statute, *supra,* for unrepresented heirs in the contest of probate of a will, an order directing the payment of said attorney's fee may be made *ex parte,* and no notice of entry is required.

3. SAME—SAME—SAME—SAME—VALIDITY—NOT AFFECTED WHERE ONE OF HEIRS IS ALREADY REPRESENTED—REV. STATS. ARIZ. 1887, PAR. 1290, CONSTRUED.—Where an attorney was appointed under the statute, *supra,* for unrepresented heirs, and it appears that one of said heirs is already .represented by an attorney of record, such irregularity does not affect the validity of the appointment as relating to the other heirs who are represented solely by him.

4. APPEAL AND ERROR—NATURE OF PROCEEDING—NOT CHANGED BY APPEAL—TRIAL BY JURY—NO RIGHT TO ON APPEAL—WHERE NOT A MATTER OF RIGHT IN ORIGINAL ACTION—REV. STATS. ARIZ. 1887, PAR. 1305, CONSTRUED.—Under the statute, *supra,* requiring that "all causes removed by appeal to the district court shall be tried anew as if originally brought in such court," the nature of the proceeding is not changed by an appeal; and as a jury.trial is not a matter of right in the probate court, it is not error for the district court to deny a demand for a jury trial.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

Joseph H. Kibbey, for Appellee.

That the action of the court in allowing appellee fees for his services in representing absent heirs, was proper, see *In re Rety's Estate,* 75 Cal. 65, 17 Pac. 65; *Cunningham's Estate,* 54 Cal. 556; *Lux's Estate,* 134 Cal. 3, 66 Pac. 30; *Miller* v. *Gehr,* 91 Md. 709, 47 Atl. 1032; *Leach* v. *Pierce,* 93 Cal. 627, 29 Pac. 240; *Ford* v. *Ford,* 88 Wis. 122, 59 N. W. 466.

DAVIS, J.—On October 3, 1898, there was pending in the probate court of Maricopa County an application for the admission to probate of a certain instrument in writing, purporting to be the last will and testament of James Roarke, deceased. By its order of that date the said court appointed Thomas Armstrong, Jr., an attorney, to represent, in said proceeding, the interests of eight absent and non-resident heirs at law of said decedent, named and specified in the order. The estate of said James Roarke was at that time in process of administration in said court as an intestate estate, and was valued at about forty-five thousand dollars. It has since depreciated to about sixteen thousand dollars. The distributive interest of these absent heirs under the law was two thirds of the entire estate. The pretended will, which was offered for probate, purported to give the whole of the estate to a nephew of the decedent, and, if sustained, its effect would be to wipe out the interest in the estate of those whom the appellee had been appointed to represent. Under these circumstances, the appellee, co-operating with counsel employed by the remaining heirs, entered actively upon a legal contest in the probate court against the admission of the alleged will, which was successfully prosecuted, resulting in the instrument being held to be a forgery, and the abandonment of all claims under it. To this contest the appellee devoted about thirty days of his time in the work of preparation, trial, and argument. The case was one in which zeal and industry were displayed on both sides. There were repeated hearings, and in all thirty or more witnesses were examined. On January 29, 1900, some time after the proceeding had been finally terminated, the appellee filed in the

VIII Ariz.—2

probate court his claim for compensation for services rendered under said appointment, in the sum of four thousand dollars, together with a written notice to the administrator of the James Roarke estate that he would request the allowance of said claim by the court and the payment thereof out of said estate. No objection to the allowance of said claim was ever filed. On December 31, 1900, the said court made and entered, *ex parte*, an order reciting the appellee's appointment as aforesaid, his representation of the absent heirs, the pendency of his claim for compensation, and directing the administrator of the Roarke estate to pay him the sum of four thousand dollars for services as attorney for said heirs. From this order of the probate court allowing the attorney's fee an appeal was taken by the administrator to the district court, where the matter was heard *de novo* at the April term, 1901. In the district court a demand on the part of the appellant for a jury trial was refused, and the cause was tried before the court without a jury. A number of witnesses were examined on the trial, the testimony being mainly directed to the character and value of the services rendered by the appellee for the heirs whom he was appointed to represent in the probate court proceeding. The estimates of value placed upon these services by the witnesses who were examined upon that point ranged all the way from two hundred to five thousand dollars. It was developed on the trial that William Roarke, one of the absent heirs for whom the appellee was appointed to act by the order of October 3, 1898, was at that time already represented in matters before said probate court pertaining to said estate by another attorney of record. The district court rendered judgment in favor of the appellee for the sum of twenty-five hundred dollars, and ordered that the amount be paid by the administrator out of the funds of said estate as expenses of administration, the same to be charged upon final distribution to the parties (except William Roarke) represented by the appellee under his appointment. The administrator now brings this appeal from the judgment of the district court.

It is claimed that the court below erred in rendering any judgment whatever against the administrator for the payment of compensation to the said appellee on the facts shown, for the reason that the probate court had no jurisdiction to

hear, try, and determine the question of the appellee's fee until the estate was ready for final distribution and settlement, and that the district court acquired no jurisdiction on appeal to order and allow compensation to the appellee until the estate was ready for final distribution and settlement in the probate court. The authorization for the payment of an attorney under the circumstances of the case at bar rests upon paragraph 1290 of the Revised Statutes of 1887, which provides as follows: "At or before the hearing of petitions and contests for the probate of wills . . . and other proceedings where all the parties interested in the estate are required to be notified thereof, the court may, in its discretion, appoint some competent attorney at law to represent, in all such proceedings, the devisees, legatees, heirs, or creditors of the decedent, who are minors and have no general guardian in the county, or who are non-residents of the territory; and those interested who, though they are neither such minors nor non-residents, are unrepresented. The order must specify the names of the parties for whom the attorney is appointed, who is thereby authorized to represent such parties in all such proceedings had subsequent to his appointment. The attorney may receive a fee to be fixed by the court for his services, which must be paid out of the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented by the attorney. If, for any cause, it becomes necessary, the probate court may substitute another attorney for the one first appointed, in which case the fee must be proportionately divided." We find nothing in the language of this statute to warrant the construction contended for by the appellant. Its obvious purpose was to guard by suitable representation in the proceedings mentioned the interests of those who would not otherwise be represented therein. It was intended also to aid the court in the proper administration and distribution of the estates of decedents, and is a valid statute. The language of the paragraph is plain and unambiguous. It leaves to the discretion of the probate court, in every case, the question of the necessity and propriety of the appointment of an attorney to act for those parties to any such proceeding who come within the classification of the statute and are without representation. It is likewise discretionary with the court whether

an attorney so appointed shall receive a fee for the services which he renders under the appointment, and, if compensation is to be allowed, the court is required to fix the fee. When so fixed, the statute determines both the manner and the order of its payment in providing that it "must be paid out of the funds of the estate as necessary expenses of administration." Other provisions of law, which are not made the subject of controversy here, govern and control the payment of "expenses of administration." The next following clause, "and upon distribution may be charged to the party represented by the attorney," simply leaves it for the court to decide whether, upon distribution, such party should alone bear the fee. If it developed that the services rendered were for the benefit of the entire estate, probably no such order would be made. In any event, the statute contemplates the previous payment of the fee as "expenses of administration," and unless it had already been actually paid it is difficult to see how it could well be "charged" to the party upon distribution. We cannot, without interpolating language not contained therein, find justification for giving to this statute a construction which would prevent the probate court, in a proper case, from fixing the amount of the attorney's fee in such a matter, at any time after the completion of the services for which he was appointed. The order, too, may be made ex parte, and no notice of the entry thereof is required. *Leach v. Pierce*, 93 Cal. 627, 29 Pac. 239. Of course, it would be subject to rehearing and vacation in the probate court, and to review, upon appeal, in the district court. The proceeding in which the appellee was appointed to represent absent and non-resident heirs was properly pending in the probate court. It was a matter connected with the early administration of the estate to which it related. The order of that court fixing the amount of the compensation was not made until about two years had elapsed after the performance of the services. Unquestionably, the probate court had power to make the order when it was made, and the district court jurisdiction to revise it, on appeal.

In his second assignment of error the appellant questions the validity of the order appointing the appellee to act as attorney for absent heirs, on the ground that one of the parties specified in the order (William Roarke) was already

represented by an attorney of record in said probate court. Whether this irregularity proceeded from inadvertence or some other cause, we are unable to see how in any view it could possibly affect the validity of the appointment as relating to the seven other parties named in the order who, as the record shows, were represented in the proceeding solely by the appellee. The distributive share of William Roarke in this estate, as an heir at law, was a sixth portion thereof, and it is more than probable that the error of the probate court in providing unauthorized representation for this interest, and considering it to augment the attorney's allowance, may have had influence in the district court toward reducing the fee to the sum of twenty-five hundred dollars.

It is urged, finally, that the district court erred in denying the appellant's demand for a jury trial in said cause. The point is sought to be made that as the Probate Act (Rev. Stats. Ariz. 1887, par. 1305), requires that "all causes removed by appeal to the district court shall be tried anew as if originally brought in such court," the appeal proceeding takes the nature of an original action in that court for the recovery of attorney's fees against the estate, in which either party would have the right to demand a jury. Such is not the contemplation of the law. The nature of the proceeding is not changed by the appeal, and the matter comes before the district court in no different form from that which it presented in the probate court. It is still the matter of the allowance of a proper fee to an officer of the court for services rendered in pursuance of his appointment, and the statute expressly provides that such fee shall "be fixed by the court." It has been frequently held that the right of trial by jury is secured by the constitution only in cases in which it had previously existed in the administration of justice according to the course of the common law. Probate matters belonged to ecclesiastical jurisdiction, where a jury was not a right.

The findings of the district court in this case are amply supported by the evidence, and, on the whole, we cannot say that there has been any abuse of discretion or error of judgment. The judgment appealed from is accordingly affirmed.

Sloan, J., and Doan, J., concur.