PROVOSTY, J.
The plaintiff brought this suit to expropriate a right of way for the extension of its road across the defendant’s property. The pleadings contain no allegation of the amount involved in the controversy. According to the report of the commissioners appointed by the court to estimate the value of the property to be taken, and of the damages to the plantation of the defendant from the construction of the road, all these together amount to $1,070. The only witness for the defendant is its president. He nowhere makes an estimate.
Under these circumstances, motion is made to dismiss the appeal on the ground that the amount involved is less than $2,000, the lower limit of the jurisdiction of this court.
In opposition to the motion the brief of the appellant has the following:
“In this court the plaintiff and appellee files a motion to dismiss, alleging the want of jurisdiction.
“As to this, the appellant draws the attention of the court tq Act No. 37, p. 37, of 1877, which is the act incorporating the plaintiff company. Section 20 of this act declares that all appeals by parties resisting the expropriation suits of this plaintiff must appeal either to the district or supreme court. Again, when this incorporating act was amended by Act No. 12, p. 21, of 1879, it was provided in section 2 that all appeals by parties cast in the expropriation suits of this corporation should be in the Supreme Court.
“Evidently the right of expropriation in the plaintiff company does not exist, save with such limitations as the legislative acts contain by which it was incorporated; and the plaintiff is thereby estopped and prevented *12 from asserting the lack’ of jurisdiction in this court,' when the acts incorporating and creating it require that appeals be taken to this court.
“In Railroad Co. v. Frank, 39 La. Ann. 707, 2 South. 310, the amount awarded by the experts appointed by the district court was $400. There was no contest as to this sufficiency of this award, but the right of the company to expropriate was resisted upon other grounds. Nevertheless this court took jurisdiction and decided the case.”
In the case of Railroad v. Frank there does not seem to have come up any question of jurisdiction. We do not see, therefore, what applicability the decision can have to the present case.
As to the statutes in question, granting for them everything appellant here claims, they cannot have the effect of authorizing this court to entertain jurisdiction of a case of which the Constitution impliedly forbids it to entertain jurisdiction.
The motion to dismiss must be sustained, and the appeal is accordingly dismissed.