## STATE ex rel. EAKINS, Relatrix, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT et al., Respondents.

(No. 2,305.)

(Submitted April 21, 1906.  Decided May 14, 1906.)

*Certiorari — Probate Proceedings — Special Administrators — Guardian Ad Litem—Public Administrators—Statutes—District Courts—Jurisdiction.*

Public Administrators—Probate of Wills—Objections.
   1.  The public administrator has not any interest in an estate which entitles him to object to the probate of a will.
Wills—Special Administrators—Guardians *Ad Litem*—Appointment—Statutes—District Courts—Jurisdiction.
   2.  Section 2500 of the Code of Civil Procedure provides for the appointment of a special administrator where there is delay in granting letters testamentary by reason of any legal cause.  The district court in a probate proceeding appointed a guardian *ad litem* for two minor heirs, who thereupon filed objections to the probate of the will and prayed for the appointment of a special administrator pending the hearing of the petition for letters and objections thereto.  The public administrator was appointed as such special administrator.  *Held, on, certiorari,* to annul the order, that section 574 of the same Code, providing for the appointment of a guardian *ad litem,* has reference to civil actions, as distinguished from probate proceedings, which latter fall under the designation of "Special Proceedings of a Civil Nature";

that section 2925 of that Code relative to the appointment of a competent attorney to *represent* minor heirs who have no general guardian, at hearings of petitions and contests for the probate of wills, etc., is exclusive and applicable only to probate proceedings; that for this reason the minors could not appear by guardian *ad litem* in opposition to the probate of the will; that, therefore, his objections did not furnish any legal cause for delay which made the appointment of a special administrator necessary, and, hence, that the district court was without jurisdiction to make the order complained of.

Special Administrators—Preference to Appointment—Public Administrators.

3. Where there exists a legal cause for the appointment of a special administrator, the district court must, under section 2502 of the Code of Civil Procedure, appoint some one entitled to such appointment; and the selection of a public administrator to act as such officer, in preference to the widow of decedent who had been named as legatee and devisee in the will and as executrix thereof, was a violation of the provisions of the statute.

Special Administrators—Appointment—Objection—Waiver—District Courts —Jurisdiction.

4. The mere fact that the widow of testator asked that she be appointed special administratrix of the estate of decedent, when a legal cause for the appointment of such officer did not exist, did not estop her to object to the appointment of another, or confer jurisdiction upon the court to appoint another.

ORIGINAL application by the state, on relation of Mary A. Eakins, for writ of review to annul an order of the second judicial district court, Honorable Michael Donlan, a judge thereof, presiding, made in a probate proceeding. Order annulled.

*Mr. W. A. Pennington,* and *Mr. J. H. Duffy,* for Relatrix.

*Mr. M. F. Canning,* and *Mr. J. E. Healy,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On January 31, 1906, John Eakins died in Silver Bow county, leaving an estate therein and leaving a will by the terms of which Mary A. Eakins, this relatrix, is named, as wife of decedent, as legatee and devisee in the will and as executrix of the will. The other legatees and devisees are two minor sons and two adult sons of the deceased.

On February 14th, the relatrix presented to the district court a petition asking for the probate of the will and her appointment as executrix. Notice of the hearing of the petition was

given for February 26th, on which last-named day the public administrator of Silver Bow county, John B. O'Reilly, filed written objections to the probate of the will and asked that he be appointed administrator of the estate. Thereupon the court continued the hearing of the petition and the objections thereto by the public administrator to March 3d, on which last-named day the court again continued such hearing to March 10th, and on its own motion appointed John B. O'Reilly special administrator of the estate; but upon application to this court the last order was annulled. On March 10th the hearing of the petitions and objections was again continued to March 31st. On April 9th, the court, sitting as a court of probate, appointed M. C. Whitney guardian *ad litem* of the minor heirs, and on the same day such guardian *ad litem* filed written objections to the probate of the will, and prayed that a special administrator be appointed pending the hearing of the petition and objections thereto. On the same day the court made an order again appointing John B. O'Reilly special administrator of the estate. Thereupon application was made to this court to review the order appointing O'Reilly special administrator.

The only authority which a district court has for appointing a special administrator is found in section 2500 of the Code of Civil Procedure, which reads as follows: "When there is delay in granting letters testamentary or of administration, from any cause, or when such letters are granted irregularly, or no sufficient bond is filed as required, or when no application is made for such letters, or when an executor or administrator dies, or is suspended or removed, the court or judge must appoint a special administrator to collect and take charge of the estate of the decedent in whatever county or counties the same may be found, and to exercise such other powers as may be necessary for the preservation of the estate." Of course, the phrase "from any cause" means from any legal cause. The only cause for any delay whatever in this instance was the filing of the objections by the guardian ad litem and the court's consideration of such objections. The court appears properly

to have refused to consider the objéctions of the public administrator after this court annulled the order appointing him special administrator. The public administrator has not any interest in an estate which entitles him to object to the probate of a will. (Code Civ. Proc., sec. 2329; *In re Sanborn's Estate,* 98 Cal. 103, 32 Pac. 865.) Confessedly, if the court had refused to consider the objections made by the guardian *ad litem,* there was not anything to prevent immediate consideration of the petition for the probate of the will.

Did the filing of the objections by the guardian *ad litem* furnish legal cause, or any cause, for delay? The provisions of law relating to the appointment of a guardian *ad litem* are found in section 574 of the Code of Civil Procedure. Those provisions and the provisions of section 575 are a part of Title III, Part II, of the same Code. Part II is entitled "Civil Actions," and Title III thereof is entitled "Parties to Civil Actions." Probate proceedings comprise Title XII of Part III, same Code, and Part III is entitled "Special Proceedings of a Civil Nature." Section 2925 is one section of Title XII, Part III, above, and is as follows: "At or before the hearing of petitions and contests for the probate of wills; for letters · testamentary or of administration; for sales of real estate, and confirmation thereof; settlements, partitions and distributions of estate, setting apart homesteads, and all other proceedings where all the parties interested in the estate are required to be notified thereof; the court or judge may, in its or his discretion, appoint some competent attorney at law to represent in all such proceedings the devisees, legatees or heirs, or creditors of the decedent, who are minors and have no general guardian in the county, or who are nonresidents of the state; and those interested, who, though they are neither such minors or nonresidents, are unrepresented. * * * "

These provisions of this last section are special, are applicable only to probate proceedings as distinguished from civil actions or other special proceedings of a civil nature, and must be held

to be exclusive. This is the conclusion reached by the supreme court of California and the supreme court of the United States. Sections 372 and 1718 of the California Code of Civil Procedure contain the same provisions as our sections 574 and 2925, above, respectively, and, construing them, the supreme court of California in *Carpenter* v. *Superior Court,* 75 Cal. 596, 19 Pac. 174, said: "The last ground is the one upon which the counsel for respondents rely. The position is based upon the proposition that the provisions in relation to guardians *ad litem* in the chapter on 'parties to civil actions' apply to probate proceedings. But, in the first place, we do not think that the provisions referred to apply to probate proceedings. It has been held that for some purposes probate proceedings are not 'civil actions.' (*Estate of Scott,* 15 Cal. 220; *Ex parte Smith,* 53 Cal. 204.) And we do not think they are to be considered civil actions or proceedings within the meaning of said provisions. If these general provisions were intended to apply to probate proceedings, what was the use of making special provisions in reference to the appointment of attorneys for minors in such proceedings? Is it not to be inferred that the special provisions were put in because the general ones were not intended to apply? This inference is strengthened when the provisions are considered together. The thing which a guardian *ad litem* is appointed to do is to 'represent' the infant in the action or proceeding (Code Civ. Proc., sec. 372), by which we understand that he is to conduct and control the proceedings on behalf of the infant. Now, the attorney for minors in probate proceedings is to 'represent' the minor (Code Civ. Proc., sec. 1718), and, so far as he is concerned, to conduct and control the proceedings; so that, if the general provisions apply, it would be possible to have two representatives of the minor in the same contest, neither of whom would be subordinate to the other. We do not think such a result could have been intended."

This decision is referred to and approved by the supreme court of the United States in *Robinson* v. *Fair,* 128 U. S. 53, 9

Sup. Ct. 30, 32 L. Ed. 415, wherein it is held that section 372 of the California Code of Civil Procedure, or our own section 574 above, refers to civil actions as distinguished from probate proceedings, and that section 1718 of the California Code of Civil Procedure, or our own section 2925 above, controls in probate matters. We think the conclusion reached in these cases correct, and that the minors could not appear by guardian *ad litem* in opposition to the probate of the will.

Under this view of the matter, then, it was the duty of the district court to strike from the files the objections made by the public administrator and the so-called guardian *ad litem,* and proceed to hear and determine the petition for the probate of the will. If these objections had been stricken from the files or wholly disregarded, as they should have been, there was not then any legal cause, nor any cause, for delay. And if there had been any legal cause for appointing a special administrator, the court directly violated the provisions of section 2502 of the Code of Civil Procedure in appointing the person whom it did appoint, in preference to others first entitled to such appointment. But so far as this record shows, there was not any cause whatever for the appointment of a special administrator, and, in the absence of legal cause, the district court did not have jurisdiction to make the appointment of which complaint is made. (*In re Ming,* 15 Mont. 79, 38 Pac. 228.)

But it is said that, as this relatrix asked that she be appointed special administratrix pending the hearing of the petition for probate of the will, she cannot complain that the court appointed O'Reilly. But, if the court did not have jurisdiction to appoint anyone to such office, then nothing that this relatrix did could confer such jurisdiction. In point of law, there was not anything before the district court, except the petition for the probate of the will, and in appointing O'Reilly special administrator the district court acted without any legal cause appearing why such appointment should be made, and, therefore, exceeded its jurisdiction.

· The order of the district court made April 14, 1906, appointing John B. O'Reilly special administrator of the estate of John Eakins, deceased, is annulled. *Remittitur* forthwith.

*Order annulled.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN: I concur. A grand jury, commenting on probate matters in this state about fifteen years ago, in its report to the court said: ''Administration of estates is spoliation of estates.'' As it is always the property of the widow and children, or both, of the deceased person which pays the lawyers, executors, administrators, appraisers et al., and the size of the fees in most cases is fixed by the court, frequently with extra allowances for ''extraordinary services,'' the courts should be anxious and very careful to limit the number of lawyers and other officers to the fewest possible in number, and should not appear to insist on appointing self-seeking persons to lucrative positions. In this case there seems to me to be undue persistency on the part of citizen O'Reilly in demanding that he be allowed to serve (not merely as public administrator, even if in his public capacity he may properly appear, which, as shown in Mr. Justice Holloway's opinion, he may not properly do). I think that our former determination of this matter ought to have been conclusive.

The district judge, sitting in probate proceedings, is the representative of the dead person, his creditors, if any, and of the orphan, rich or poor, and of the law made for the protection of the sometimes helpless, and should, in the exercise of his solemn duty and of his own motion, oppose all efforts of strangers to profit by the death of the head of the family or of anyone else. The district court should be earnest, active, anxious and solicitous in all matters connected with the estate of deceased persons, and in dealing with the helpless children, with the intent to save as much as possible of the assets for those to whom they belong. He should not be complacent in dealing with people who are desirous of increasing the number of aids, as-

sistants, counsel, administrators et al., the employment of many of whom often almost, or entirely, swamps the estate. The court also should see to it that estates are settled as soon as possible, thus avoiding expense running over too long a time.