Statement of the Case.
NICHOLLS, J.
On September 10, 1906, Samuel H. Meyer and Mrs. Clara B. Meyer filed proceedings for the probate of the will of Mrs. Elizabeth Welp, widow of Henry Meyer, and for the taking of an inventory of the estate.
On September 12th the district judge, reciting that it had been brought to his attention by the public press and reliable persons that the deceased had left an absent heir, then in Europe or elsewhere, and a legacy to an absentee, appointed Robert J. Maloney attorney to represent said absentee and legatee, and said attorney was instructed to take the proper steps to preserve their interests in said estate until the same was settled, or they were represented in person or by proper attorney.
Mr. Maloney accepted the appointment. The will was probated, letters testamentary issued, and the executors qualified the inventory taken, showing a total of $109,985.
Mr. Maloney performed' various services under his appointment..
The testatrix, after making several special legacies, declared that she bequeathed the balance of her estate to her three grandchildren, Solomon O. Meyer, Henry W. Meyer, and Edith Watkins Turner; that is, she gave to each of them one-third of what she left of her estate after the above legacies.
On October 15, 1906, Mrs. Edith Watkins Turner, through her husband, acting as her agent and attorney in fact, filed what he styled a “petition of intervention -and third .opposition.”
In this petition he declared that he desired to have the power of attorney which, he.‘held from his wife placed'of record, atíd tobe recognized as the due and .legár agent-and', attorney in fact of his'wife; that, acting' for *59 Ms wife in Ms said capacity on Ms part, he desired to have rescinded and revoked the appointment of Robert J. Maloney as attorney for above heirs, for the reason that said appointment was null, and void for the following reasons, to wit:
“(1) That there was no necessity for said appointment and no authority in law for same to be made.
“(2) That the judge of this honorable court erred in appointing an attorney for absent heirs without evidence of the existence of ab-ssiit heirs.
“(3) That the said Mrs. Edith Watkins Turner, who is a legatee and not an heir, was at the time of the opening of this succession and the death of her grandmother represented by an attorney in fact, Mr. E. A. Carriere, and by an attorney at law, J. C. Henriques, of this city, who had always attended to her business, and who was specially employed by her to represent her interests in the event of the death of her grandmother at any time; that as she was represented in this city and parish, both by an agent and attorney in fact and an attorney at law to look after her interests in this succession, there was no authority for this appointment.
“(4) That this appointment was made by the judge of this honorable court without making any inquiries of the administrator or adminis-tratrix of the succession, and without any knowledge or proof as to the existence of any absent heirs.
“(5) That in truth and in fact there were not and never had been any absent heirs in this succession; that the entire estate is disposed of in legacies; that Mrs. Edith Watkins Turner received no bequest as an heir, but as a legatee, and there was no authority in law for the appointment of an attorney for absent heirs where the entire estate has been disposed of in legacies.
“In view of the premises petitioner prayed that this petition of intervention and third opposition be filed; that Robert J. Maloney, who was appointed as attorney for absent heirs, be cited to appear and answer same; and that, after due proceedings had according to law, there be judgment in favor of petitioner decreeing the appointment of Robert J. Maloney as attorney for absent heirs to be null and void ab initio, and that same be annulled, revoked, and set aside, said appointment being improvidently made; and for all and general relief.”
Maloney answered. He alleged: That he was appointed by this honorable court to represent Mrs. Edith Watkins Turner, one of the forced heirs of the late Mrs. Elizabeth Meyer, who at the time of the opening of this succession was residing in the city of Paris, republic of France. That in pursuance of the duties imposed on him by said appointment he notified counsel in charge of the succession that he had been appointed, and counsel thereupon invited him to take part in the inventory which was then going on, which defendant did, acting for and on account of the said Mrs. Edith Watkins Turner during the said inventory, as will more fully appear from the same on file herein.
That if it be true, as set forth in said petition of intervention, that the said Mrs. Edith Watkins Turner was at the time of the opening of this succession and at the death of her grandmother represented by an attorney in fact, Mr. E. A. Garriere, and by an attorney at law, Mr. J. G. Henriques, of this city, the said intervener and opponent is estopped from contesting the right of defendant to act as attorney for the said Mrs. Edith Watkins Turner for the reason that they participated in the said inventory and ratified the said appointment, as will more fully appear from the said inventory on file herein, and the said intervener and opponent is estopped at this time from contesting the legality of the said appointment. That it was the duty of the executors of this estate to notify the court of the existence of the absent heir, in order that such appointment might be made. That his appointment has redounded, not only to the great advantage of intervener, but also to the entire estate, as without such appointment the entire proceedings would have been null and void, and that the services so rendered by defendant were fully worth the sum of $1,500.
Assuming the position of plaintiff in re-convention, defendant prayed for judgment against the said intervener, James Turner, and the said Edith Watkins Turner, in the full sum of $1,500 for his fees aforesaid, with legal interest from date of judgment and all costs hereof. Defendant further prayed for all necessary orders, costs, and for general relief.
*61 It was agreed between the parties that in the issue made by the petition of intervention and third opposition and the answer in revocation the entire question should be submitted to the court on a day to be fixed by the court and that the court shall determine:
(1) The legality of the appointment.
(2) Should the said appointment be decreed to be legal, in that event the court should decide whether or not the said Robert J. Ma-loney shall recover of the said Edith Watkins Turner and her husband, James H. Turner, the sum of $1500 claimed by him, or whatever amount the court might, in its judgment, see fit to decree; all forms of pleadings'being waived by the parties hereto, the intention of said parties being to expedite the issue herein, so that the matter might be passed on and settled.
(3) That the agreement by Mrs. Turner to try the question of fee at the same time as the question of the .legality of the appointment shall in no manner be construed by the court as a waiver on her part of the illegality of the appointment.
The district court rendered judgment dismissing the intervention and third opposition, with costs, and ordering and decreeing that there be judgment in favor of Robert J. Ma-loney, plaintiff in reconvention, against defendants in reconvention, James H. Turner and Edith W. Turner, for $1,000, payable out of the share received by Mrs. Edith W. Turner as an heir and legatee in the succession of Mrs. Elizabeth Welp.
James H. Turner and his wife have appealed.
On Motion to Dismiss.
Robert J. Maloney, defendant and appellee, moves to dismiss the appeal on the ground that the issues presented in this case concern solely the recovery by defendant and appellee of a fee against the absent heir in the sum of $1,500, said issue being an amount below the pecuniary limit which would give the Supreme Court jurisdiction over the appeal; that the record presents no other question or issue which would give the court jurisdiction.
Appellee cites article 85 of the Constitution of 1898; 114 La. 1051, 38 South. 826, Succession of Glancey; 113 La. 925, 37 South. 878, State ex rel. Posey v. Board of Assessors; 113 La. 1073, 37 South. 974, Wagner Co. v. City of Monroe; 110 La. 9, 34 South. 106, Morgan’s L. & T. R. R. & S. S. Co. v. A. M. Burguieres Co., Ltd.; 109 La. 6, 33 South. 49, Royal v. Frederick Leyland & Co., Ltd.
Appellant resists the motion to dismiss on the ground—
“that this is an appeal from the dismissal of a petition of intervention and third opposition which had for its object the annulment and revocation of an improvident order in a succession in which the fund to be distributed is over $1000. It is not an appeal where the matter in dispute is simply a claim of $1500. The amount of the fee in this matter is a secondary question, which can only be arrived at by the trial judge after he decides the question of the legality of the appointment, and can only be arrived at by the Supreme Court in the event that it reaches the same opinion as did the district judge.
“The appellate jurisdiction is fixed by the petition of intervention and opposition in a succession involving over $100,000 and not by any reconventional demand. A true reconventional demand in no case fixes the jurisdiction of the court to which a case is appealed on matters in-. volved in the main demand.
“The main demand controls. See Hoover v. York, 30 La. Ann. 757. Article 95 of 1898 declares that:
“ ‘In all cases where there is an appeal rendered on a reconventional demand the appeal shall lie to the court having jurisdiction of the main demand.’ ,
“Maloney’s demand is really no reconventional demand at all. Code Prac. art. 374. The petition of intervention and revocation made no demand against him. It simply sought to have the court revoke and rescind an illegal order issued by itself. There can be no reconventional demand made by a person, where there is no demand advanced against him.”
Appellant refers the court to Succession of Rabasse, 47 La. Ann. 1452, 17 South. 867, 49 Am. St. Rep. 433.
Whether the district judge had or had not *63 legal authority under the circumstances of this case to appoint an attorney to represent the supposed absent heir (Mrs. Turner), the fact was that he did make such appointment, and that until superseded or removed he would remain as her recognized legal representative. As such it was his duty to protect her interests to the extent of his ability. Included in.this duty was that of scrutinizing the claim of any one who should subsequently assert on her behalf to supersede or have him removed in order to take charge himself of her affairs. It would not follow as' a matter of course that the claims of such person would be well founded. In this instance the claimant alleged himself to be the husband of the legatee and to hold her full power of attorney to act. Both of these allegations dealt with matters in pais, and when the claim was advanced it called for examination of the same by the attorney of absent heir. The husband demanded the removal of the attorney of absent heirs (who until removed barred the way to the recognition by the court of his right to represent his wife) and the simultaneous substitution of himself in his lieu and place. The particular method he should pursue in making this demand was a matter not controlled by the court. In the case at bar he thought proper to demand, not only that the court recognize him as having the right to represent his wife, but that the prior appointment of Mr. Maloney should be 'set aside as having been improvidently made. It is suggested that the succession of Mrs. Welp was valued at $300,000, carrying with it an administration of property to that extent, and that there would ultimately be in the hands of the court for distribution a fund large enough to give the Supreme Court jurisdiction over the final result of the distribution, should that be the test of the appellate jurisdiction of this court; but that rule would not extend to judgments of the district court upon every question which would arise in the course of the settlement of a succession Each case would have to he determined upon its own state of facts. The appointment of an attorney of absent heirs is the appointment of a representative to a party or parties holding, or supposed to hold, interests in that succession. That interest might be very small, or it might extend over the whole succession. In this case it extends to one-third of the residuum of the estate. Prima facie, that residuum will cover an amount much larger than would be necessary to vest this court with appellate jurisdiction over the determination by the district court of any issue relative to the appointment or removal of the attorney of absent heirs. Whether the attorney of absent heirs will be entitled to a fee for his services, and, if so, what it will be, no more determines our jurisdiction in this case than would be the question as to what commission the tutor would be entitled to receive in a particular case in a matter relative to the appointment of or the removal of a tutor. The question here concerns the appointment of a representative to interests' in a succession covering more than $2,000 in value, and we think the subject-matter falls within our appellate jurisdiction. Succession of Rabasse, 47 La. Ann. 1452, 17 South. 867, 49 Am. St. Rep. 433. It will not do, we think, for us to act in deciding this question on counsel’s suggestion that the object of the husband in asking the removal of the attorney of absent heirs as having been improvidently made was to lay the foundation for a successful attack upon the right of the attorney of absent heirs to claim any fee at all. The question of the fee of the attorney of absent heirs does not appear in the pleadings of the husband. That matter is brought to the front by those of the attorney of absent' heirs. His pleadings do not control those of the husband, applying to be appointed the representative of his wife in the succession of her grandmother. It is urged that the claim advanced by the attorney of absent heirs for his fee is not one which can be considered in law as a “recon- *65 ventional demand.” It is immaterial whether it be sneh. It is sufficient, under the recent amendment to article 95 of the Constitution, that it he an incidental demand.
We think the motion to dismiss is not well grounded, and it is hereby refused.
The appeal is maintained.