### In Re OTTING'S ESTATE.

BERDAHL, Respondent, v. KNIGHT, et al, Appellants.

(252 N. W. 740.)

(File No. 7457.   Opinion filed February 15, 1934.)

*Danforth & Davenport,* of Sioux Falls, for Appellants.
*James O. Berdahl,* of Sioux Falls, for Respondent.

CAMPBELL, J. Henry Otting, a resident of Minnehaha county, died therein March 30, 1929, leaving real and personal estate. On April 1, 1929, the county court of Minnehaha county appointed one Freese special administrator of the Otting estate, who thereupon entered on his duties, arranged for the burial of the deceased, and proceeded to collect in his property and effects. Among papers in a safety deposit box of the decedent the special administrator found an instrument purporting to be a last will and testament of the deceased, bearing date in 1919, naming Tessie A. Siekermann

and George Siekermann as beneficiaries, which instrument the special administrator filed in the probate court. The next day there was filed in the county court of Minnehaha county another instrument, likewise purporting to be the last will and testament of the decedent, bearing date October 11, 1926, naming Anna Gingerich and Edward Colby as beneficiaries, together with a petition for the admission of the same to probate. The decedent was some eighty-four years of age at the time of his death, and the circumstances were such that there might well be some doubt as to his capacity to make the will of October 11, 1926, and as to whether or not the same had been procured by undue influence. The Siekermanns were distant relatives of the decedent, nonresidents of South Dakota, and efforts to discover their whereabouts and to communicate with them and advise them of the situation had proved unavailing. After the will of October 11, 1926, had been offered for probate the county court of Minnehaha county appointed Mr. James O. Berdahl, a duly licensed attorney at law, residing in Sioux Falls in said county, to represent the interests of the Siekermanns, the order of appointment being as follows:

"John M. Freese, the special administrator of the estate of Henry Otting, deceased, this day having filed herein a report of the personal property of said estate which has come to his possession, and having reported the finding, among the papers of said deceased, of an instrument purporting to be the last will and testament of said deceased, in which instrument Anna Nickel Kelley, Tessie A. Siekermann and George Siekermann are named as beneficiaries, and which instrument was filed herein on the 3rd day of April, 1929, and said administrator having set out in his said report that he has made efforts to give notice to said named persons that they are beneficiaries under said instrument, but that he has been unable to locate the said Tessie A. Siekermann and George Sierkermann, and the notices directed to them have been returned undelivered; and it appearing to the court from said report and from the records and files herein that another instrument purporting to be a subsequent will and testament of said deceased was filed herein on the 4th day of April, 1929, together with petition for probate thereof, and in which said instrument no mention is made of said named persons; and it appearing to the court from said report and from the records and files herein that the said

Tessie A. Siekermann and George Siekermann are cousins of said deceased and have such an interest in said estate that it is the duty of the court, under Section 3210 of the Revised Code of 1919 of South Dakota to appoint an attorney, for them and on their behalf to contest the purported will herein filed on the 4th day of April, 1929, therefore,

"It is hereby ordered, that James O. Berdahl, Esq., of the city of Sioux Falls, Minnehaha County, South Dakota, be, and he hereby is appointed attorney for the said Tessie A. Siekermann and George Siekermann, and for them and on their behalf he is authorized and directed to contest the will herein filed on the 4th day of April, 1929, as the last will and testament of said deceased."

Pursuant to that order, Mr. Berdahl appeared in the county court and contested the will of October 11, 1926. The decision of the county court was adverse to Mr. Berdahl's contentions, and the will was admitted to probate, whereupon Mr. Berdahl appealed to the circuit court of Minnehaha county, S. D. He did not discover the whereabouts of the Siekermanns or get in touch with them in any manner until after he had perfected the appeal to the circuit court. The circuit court also decided the matter adversely to Mr. Berdahl's contentions, and he then appealed to this court, where the decision of the circuit court was affirmed. In re Otting's Estate (Siekermann v. Knight) 57 S. D. 420, 233 N. W. 274 (1930). Thereafter Mr. Berdahl filed a petition in the county court of Minnehaha county, S. D., setting forth the amount of his disbursements and the services rendered by him as attorney for the Siekermanns in the county, circuit, and Supreme courts, and asking that his compensation be fixed and that his claim be allowed and ordered paid out of the Otting estate as part of the expense of administration. The county court found the facts substantially as above recited, determined the disbursements of Mr. Berdahl in the county court to be the sum of $48.60, his disbursements in the circuit court the sum of $49.30, the reasonable value of his services in the county court the sum of $250, the reasonable value of his services in the circuit court the sum of $100, and allowed his claim against the estate for the aggregate of those amounts, $447.90, making no allowance for Mr. Berdahl's services or disbursements in connection with the appeal to the Supreme Court. From the partial allowance of Mr. Berdahl's claim by the county court the

executor and devisees appealed to the circuit court, where the matter was submitted to the court without a jury upon the same record and upon a stipulation that the value of services and amount of costs as determined by the county court were reasonable and proper and that no objection was made thereto. The circuit court likewise allowed to Mr. Berdahl the sum of $447.90 covering his disbursements and reasonable compensation for his services in both the county and circuit courts, and from a judgment entered accordingly and a denial of their application for new trial the executor and beneficiaries have now appealed to this court.

■■ Appellants maintain that Berdahl, having been unsuccessful in establishing that the Siekermanns whom he was appointed to represent have in fact any interest in the Otting estate, cannot be compensated out of said estate for his services or disbursements. Sections 3210 and 3195, Rev. Code 1919, read respectively as follows:

"Any person interested may appear and contest the will. Devisees, legatees or heirs of an estate may contest the will through their guardians, or attorneys appointed by themselves, or by the court for that purpose; but a contest made by an attorney appointed by the court does not bar a contest, after probate, by the party so represented, if commenced within one year after such probate; nor does the non-appointment of an attorney by the court of itself invalidate the probate of a will.

"At or before the hearing of petitions and contests for the probate of wills; for letters testamentary or of administration; for sales of real estate and confirmations thereof; settlements, partitions and distributions of estates; and all other proceedings where all the parties interested in the estate are required to be notified thereof, the court may, in its discretion, appoint some competent attorney at law to represent in all such proceedings the devisees, legatees, heirs or creditors of the decedent, who are minors and have no general guardian in the county, or who are nonresidents of the state, and those interested, who, though they are neither such minors or nonresidents, are unrepresented. The order must specify the names of the parties for whom the attorney is appointed, who is hereby authorized to represent such parties in all such proceedings had subsequent to his appointment. The attorney may receive a fee to be fixed by the court for his services, which must be paid out

of the funds of the estate as necessary expenses of administration, and upon distribution may be charged the party represented by the attorney. If for any cause it becomes necessary, the county court may substitute another attorney for the one first appointed, in which case the fee must be proportionately divided. The non-appointment of an attorney will not affect the validity of any of the proceedings."

Section 3195, Rev. Code 1919, originated with us as section 308, Rev. Probate Code Dakota 1877, and we took it, in substance, from section 1718, California Code Civil Procedure 1872, the statute persisting in California until its repeal in 1903.

Appellants rely largely upon the decision in the case of In re Estate of Lux (1901) 134 Cal. 3, 66 P. 30, 31, which appears to place an interpretation on the California statute quite in accordance with appellants' contentions here. We having adopted the statute in 1877, it does not stand charged upon our books with the interpretation thereof made by the California court twenty-four years later. The Lux Case is not for us a precedent, and can have no value here save in so far as it may appeal to us as sound legal exposition and reasoning, and therefore deserving of being followed. It does not so appeal. The justification for the appointment of an attorney under section 3195 and his function when appointed we believe to be rightly stated in the Lux Case when the court said: "The court can no more appoint an attorney with authority to bind a person who is sui juris, to waive his rights, or concede claims made against him, or to institute proceedings for him, and incur costs chargeable to him, than it can do all these things without an attorney. And this, I think, indicates the functions of an attorney so appointed. The court can do nothing with the aid of the attorney which it could not have done without him. He receives his authority only from the court, and not at all from the absent heir. As friend of the court, his function simply is to aid the court in conserving the rights of unrepresented parties."

It seems to us that the above-quoted language necessarily indicates that the result reached by the Lux Case is wrong. If an attorney thus appointed is merely an aid and friend to the court, and his function is to aid the court in conserving the rights of unrepresented parties, then we think that his reasonable fee is just as much a proper part of the necessary expense of distribution of

the estate as are the fees of the clerk of the court (subject to the reasonable and equitable provision that if, in fact, it finally develops that the persons whom he is appointed to represent exist and acquire something from the estate, then his fee may be borne by their distributive share). By the terms of the statute appointment of such attorney in proper case may be made at or before the hearing of petitions and contests; that is to say, at a stage of the proceedings when no one can yet say just who is to participate in the estate. If it appears to the court that there are persons who may conceivably be interested therein and who are not represented and are nonresidents or minors, then the court may in its discretion, if it deems advisable, appoint an attorney (in a sense as amicus curiæ, as pointed out in the Lux Case) to see that such interests are adequately represented before the court and, if existent, are protected. We do not believe that such an attorney is compellable to serve without compensation, and we do not believe that the attorney should be required to speculate so far as concerns reasonable compensation on whether or not the apparent interests which the court has named him to represent (at a time when no one can predict positively what the actual interests are) may develop into actual interests and participate in distribution. That seems about as reasonable, logical, and intelligent as to say that the publisher can have no fee for publishing notice to creditors if it should develop that there are no creditors.

Arizona likewise adopted the California statute, and we think a much sounder construction thereof is found in the language of that court in Re Roarke's Estate (1902) 8 Ariz. 16, 68 P. 527, 528, where the court, after quoting the statute, said: "Its obvious purpose was to guard, by suitable representation, in the proceedings mentioned, the interests of those who would not otherwise be represented therein. It was intended also to aid the court in the proper administration and distribution of the estates of decedents, and is a valid statute. The language of the paragraph is plain and unambiguous. It leaves to the discretion of the probate court, in every case, the question of the necessity and propriety of the appointment of an attorney to act for those parties to any such proceeding who come within the classification of the statute and are without representation. It is likewise discretionary with the . court whether an attorney so appointed shall receive a fee for the

services which he renders under the appointment, and, if compensation is to be allowed, the court is required to fix the fee. When so fixed, the statute determines both the manner and the order of its payment in providing that it 'must be paid out of the funds of the estate as necessary expenses of administration.' Other provisions of law, which are not made the subject of controversy here, govern and control the payment of 'expenses of administration.' The next following clause, 'and upon distribution may be charged to the party represented by the attorney,' simply leaves it for the court to decide whether, upon distribution, such party should alone bear the fee. If it developed that the services rendered were for the benefit of the entire estate, probably no such order would be made. In any event, the statute contemplates the previous payment of the fee as 'expenses of administration,' and unless it had already been actually paid it is difficult to see how it could well be 'charged' to the party upon distribution."

Indeed, it may well be argued that the county court would have this same inherent power if this statute did not exist at all The county court in the matter of probate operates primarily in rem. It is charged with the duty of ascertaining what interests exist in the probate res and decreeing the distribution thereof accordingly. Rights are subject to be cut off by publication and other constructive notice. Under those circumstances, the court should proceed with care. This is not a court charged merely with the settlement of a dispute between two litigants. It is a court charged with the duty of investigating, ascertaining, determining, and declaring existent interests in a res. If it appears to the court that a non-resident or a minor or other unknown or unrepresented person has an apparent interest in the res which ought to be investigated and represented, in order to enable the court to perform its duty of ascertaining what are the actual interests in the res, then it might very well be that the court has an inherent power to name an attorney so to act and to order the payment of a reasonable fee as part of the necessary expense of administration, such fee to be borne by the interest thus represented if it finally develops that such interest participates in distribution. If such interest is not established, or does not so participate, then the fee should be paid as an administration expense. Probate is not only the ascertainment and declaration of interests in a res, but in a sense the

quieting thereof and cutting off of possible or apparent conflicting interests. When the court deems it necessary, in a proper case, to appoint an attorney to represent an apparent or possible interest, the purpose being to aid the court to determine and declare what the interests actually are, if the court thereafter determines that such apparent interest is not in fact an actual interest, that determination is for the benefit of, and advantageous to, the persons who finally participate in the estate. The making of such determination of noninterest on the part of others is the very thing that enables the court affirmatively to declare the interests of the persons finally participating. It is a step, and an essential step, in adjudicating the existence of their interests. And they should bear the reasonable and proper expense of that step just as much as they should bear the expense of any other proper step in the probate proceeding.

■■ We believe this power in the county court is vested in the sound discretion of said court subject to review and revision if abused. Furthermore, we are of the opinion that the exercise of the power (whether it be deemed an inherent power or a statutory power) must be conditioned upon the good-faith opinion of the county court that the persons for whom the attorney is thus appointed have, as a matter of fact and law, a reasonably likely or apparent interest in the probate res. The very purpose and object of the appointment is to assist the county court in determining what are the interests in the res. When the county court has once made that determination, then the object of the appointment is entirely fulfilled and completed, and we think the appointment cannot operate further.

■ There is no claim here that the discretion of the county court was in any manner abused in the making of the appointment, and, in fact, the situation was unquestionably one where such an appointment ought to have been made. The value of the services rendered and the amount of the disbursements are conceded. We are of the opinion that Mr. Berdahl is entitled to charge the estate for his disbursements and the reasonable compensation fixed and allowed by the county court so far as concerns services in that court. We are equally of the opinion that the authority conferred upon him by the appointment did not extend beyond the county court which made it and did not persist after the determination

by the county court that the Siekermanns had no interest in the probate res.

The judgment of the circuit court therefore should be modified so as to allow Mr. Berdahl only the sum of $298.60, being the admitted amount of his disbursements and reasonable value of his services in the county court, together with proper interest and costs.

The cause is remanded, with directions to modify the judgment accordingly, and, as so modified, it will stand affirmed. No costs will be taxed on this appeal.

ROBERTS, P. J., and POLLEY and WARREN, JJ., concur.

RUDOLPH, J., not sitting.