STATE ex rel. HAMILTON et al., Relators, v. DISTRICT
COURT et al., Respondents.

(No. 7,563.)

(Submitted April 27, 1936.   Decided May 12, 1936.)

[57 Pac. (2d) 1227.]

*Mr. W. D. Kyle,* for Relators, submitted a brief and argued the cause orally.

*Mr. H. L. Maury* and *Mr. A. G. Shone,* for Respondents, submitted a brief; *Mr. Shone* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original application for a writ of supervisory control seeking to annul certain orders made by the district court of Silver Bow county in a probate proceeding in the matter of the estate of John Hamilton, deceased.

John Hamilton in his lifetime was a resident of New Castle-on-Tyne, England, and died testate on December 10, 1931. The relatrix Clara Hamilton is his surviving widow. The relators Jane Plews, Frazier Hamilton, Clara Hamilton and William Robson Hamilton are the children of John Hamilton, deceased. The widow and all of the children, with the exception of William Robson Hamilton, are beneficiaries under the last

will and testament of the deceased. Marion Hamilton, a granddaughter of John Hamilton, deceased, and Mary Dixon are beneficiaries under his will. Frazier Hamilton, William Robson Hamilton, and James Hamilton, a brother of the deceased, were named executors and trustees in the last will and testament of John Hamilton. All of these legatees, trustees, and beneficiaries under the will are residents of England.

John Hamilton was a cousin-german and one of the heirs at law of Elizabeth D. Baxter, who died on February 23, 1931, and whose estate was probated in Silver Bow county. A decree of heirship was entered in that court in the Baxter estate on July 7, 1934, wherein it was determined that John Hamilton, deceased, was one of her heirs at law. On September 26, 1935, a decree of partition and distribution was entered in the Baxter estate, whereby the distributive share of John Hamilton, deceased, was distributed, which decree was by this court affirmed on February 11, 1936. (*In re Baxter's Estate*, 101 Mont. 504, 54 Pac. (2d) 869.)

On June 8, 1932, the will of John Hamilton, deceased, was admitted to probate as a foreign will in the district court of Silver Bow county, and W. D. Kyle, a member of the bar of this court, was appointed administrator with the will annexed. On May 22, 1935, the Honorable T. E. Downey, one of the judges of that court, on his own motion, without the application of any person interested, and without notice to or knowledge of any person, made an order appointing one Frank X. Ybarra, an attorney at law, to represent the relators in all proceedings in the estate of John Hamilton, deceased. The entire property of the estate of John L. Hamilton, deceased, in this state, consisted of the distributive share set apart in the decree of distribution in the Elizabeth D. Baxter estate. The greater part, if not all, of the property of the Elizabeth D. Baxter estate was received by her in the distribution of the estate of her brother, James L. Hamilton, deceased. All three of these proceedings were pending before a distribution was made in any of them.

The administrator with the will annexed was the attorney of record for all of the relators in the district court of Silver Bow county. Immediately following the making of the order, the relators appeared specially by motion seeking to annul the order in question for lack of jurisdiction in the court to make the same. Owing to the disqualification of both judges of the district court of Silver Bow county, the Honorable R. E. McHugh, judge of the third judicial district, was called in to preside, and, on hearing, this motion was denied. Thereupon the relators filed and presented a motion to revoke and annul the order on various grounds, which was likewise denied by Judge McHugh. It is sought by this proceeding to annul the two orders mentioned made by Judge McHugh.

The foregoing facts are found in the petition of relators to which the respondent court has filed a motion to quash the alternative writ heretofore issued, so that it thereby admits their truth. The respondent court concedes that this proceeding is an appropriate one for the review of these orders.

Appended to the petition are various documents, including the bill of exceptions settled and allowed. The further facts appearing therefrom as may be necessary will be subsequently noticed throughout the opinion. The basis, if any, for the order in question is section 10370, Revised Codes 1921, reading as follows: "At or before the hearing of petitions and contests for the probate of wills; for letters testamentary or of administration; for sales of real estate, and confirmation thereof; settlements, partitions, and distributions of estate, setting apart homesteads, and all other proceedings where all the parties interested in the estate are required to be notified thereof, the court or judge may, in its or his discretion, appoint some competent attorney-at-law to represent in all such proceedings the devisees, legatees, or heirs, or creditors of the decedent, who are minors and have no general guardian in the county, or who are nonresidents of the state; and those interested who, though they are neither such minors nor nonresidents, are unrepresented. The order must specify the names of the parties, so far

as known, for whom the attorney is appointed, who is thereby authorized to represent such parties in all such proceedings had subsequent to his appointment. The attorney may receive a fee, to be fixed by the court or judge, for his services, which must be paid out of the fund of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented by the attorney. If, for any cause, it becomes necessary, the court or judge may substitute another attorney for the one first appointed, in which case the fee must be apportionately divided. The nonappointment of an attorney will not affect the validity of any of the proceedings.''

Judge Downey in his order recited: ''The necessity therefor appearing to the satisfaction of the court Frank X. Ybarra a competent attorney at law is hereby appointed to represent in all proceedings except the hearing of the petition for letters of administration those persons as are specified in or contemplated by section 10370 of the Revised Codes of 1921.'' The order further named specifically each of the relators, and stated that all of these persons were entitled to share in the estate of John Hamilton, deceased.

Prior to the entry of this order by Judge Downey, W. D. Kyle was authorized in writing to represent all of the relators, except Mary Dixon and Marion Hamilton, in the proceeding to determine heirship in the Elizabeth D. Baxter estate, and also the estate of James L. Hamilton, and to represent them to the end that they might receive their just shares of these estates.

On the hearing, documents duly executed were presented to the court, signed by all of the relators, except Mary Dixon and Marion Hamilton; they were executed on June 15, 1935. They revoked the authority of Frank X. Ybarra to appear, and designated W. D. Kyle as their attorney and representative to appear for them in the probate proceeding of the estate of John Hamilton, deceased. On the same day Mary Dixon and Marion Hamilton executed instruments in writing informing the court that they were interested only in the estate of John Hamilton located in England, and also that they desired no representa-

tion in proceedings in the courts of Montana. All of these documents were acknowledged before a notary public, and appended to each instrument is a certificate of the United States consul to the effect that the notary was on the date of their execution a notary public at New Castle-on-Tyne, England.

The will of John Hamilton, which was admitted to probate in Silver Bow county, named William Robson Hamilton, Frazier Hamilton and James Hamilton as trustees as well as executors. By its terms the testator gave his business of a boot and shoe merchant, including his book debts and good will, two-thirds to his son Frazier Hamilton, and one-third to his assistant, Mary Dixon, if she was in his employment at the time of his death, subject to the payment of all debts and liabilities of the business. All the residue of his property was devised to his trustees, who were to convert it into money and invest it and pay his widow an annuity of £250. They were directed to pay to his granddaughter, Marion Hamilton, a legacy of £1,000. The residue of the trust was to be paid to the other children of John Hamilton, deceased, as therein provided.

It is the contention of the relators that the court was without jurisdiction to make the order appointing Ybarra, in that no process was served upon any of the relators; that the above section of the Codes, so far as it purports to authorize the court or judge to appoint an attorney to represent the relators at their costs without first serving process upon them, contravenes the Fourteenth Amendment to the Federal Constitution, and section 27 of Article III of the Constitution of Montana, forbidding the taking of property without due process of law; that, since the estate of the decedent John Hamilton is to be distributed to his trustees and not to the heirs, section 10370 is without application and section 10329 controls; and, lastly, that in any event the court should have granted the motion to revoke the authority of Ybarra upon its being made to appear to the court that the relators were otherwise represented.

Section 10370, supra, has received consideration by this court heretofore. In the case of *State ex rel. Eakins* v. *District*

*Court,* 34 Mont. 226, 228, 85 Pac. 1022, it was held that the section applied exclusively to probate proceedings, and that the court was without jurisdiction in a probate proceeding to appoint a guardian *ad litem* for minor heirs under general statutory provisions. In the case of *State ex rel. Cotter* v. *District Court,* 34 Mont. 306, 87 Pac. 615, it was said that an attorney might be appointed pursuant to this section, in the discretion of the court, to represent minor heirs in a probate proceeding.

For a number of years the state of California had an identical Code section, i. e., section 1718, Code of Civil Procedure, which, however, was repealed. Some few decisions were rendered under that statute by the California court, which we shall presently notice. In the state of Louisiana for many years they had a somewhat similiar Code provision, although couched in different language, providing for the appointment of an attorney for absent heirs when not represented in the state, upon the making of inventories to represent such heirs not only in the matter of inventory, but in all acts required by law to be done. (See Articles 1204, 1205 and 1206, Civil Code of 1825.) These provisions were carried forward in Marr's Revised Codes of Practice 1927, pages 748, 749, as Civil Code Articles 1210, 1211, and 1212, without any substantial change. Aside from the statutory provisions noted supra, we have been unable to find any similar statutes in other states which have been the subject of judicial interpretation, with the exception of a similar statute in Arizona. (Paragraph 1290, Revised Statutes of Arizona 1887, Civil Code.)

It appears from the record that at the time the order was made appointing Ybarra, and at all subsequent times, none of the various proceedings enumerated in section 10370, and which may occur within a probate proceeding, had been or were then pending. This statute does not contemplate the appointment of an attorney in every probate proceeding wherein there are absent heirs; it is only when the necessity arises. In any event, the necessity can only arise when some one of the proceedings enumerated in section 10370 is commenced. (*Robouam's Heirs*

v. *Robouam's Exr.*, 12 La. 73; *Succession of Harris,* 29 La. Ann. 743.)

The court's order appointing Ybarra recites the necessity for the appointment. The mere recital of the necessity for the order would perhaps be prima facie sufficient; but here the order is under direct attack, and the facts as disclosed on the proceeding show the contrary, namely, that there was no necessity within the meaning of the statute. We held in the case of *Lamont* v. *Vinger,* 61 Mont. 530, 202 Pac. 769, that an order of sale of real estate, in a probate proceeding containing a recital that due notice had been given, was of no avail where the record itself compels the conclusion that no notice was ever given.

The purpose of the statute is to provide representation for absent unrepresented heirs, and immediately upon being advised of the fact that such absent heirs had secured representation, the trial court should forthwith have discharged its appointee. (*Succession of Rabasse,* 47 La. Ann. 1452, 17 So. 867, 49 Am. St. Rep. 433; *Succession of Welp,* 120 La. 56, 44 So. 921.)

It was argued on behalf of the respondents that the appointment of Ybarra must be upheld as to Marion Hamilton, on the theory that she might be a minor, and therefore the court's order must be upheld as an appointment of an attorney for a minor heir. The record is entirely silent as to whether she was or was not a minor. The general rule that one is presumed to be *sui juris* and without disability finds expression in cases declaring the existence of a presumption that parties are presumed to be of full age, in the absence of a contrary showing. (1 Jones' Commentaries on Evidence, 2d ed., 437; *Gunter* v. *Hinson,* 161 Ala. 536, 50 So. 86; *Standard Forgings Co.* v. *Holmstrom,* 58 Ind. App. 306, 308, 104 N. E. 872; *Giles* v. *Latimer,* 40 Okl. 301, 137 Pac. 113.) In the absence of a showing to the contrary, we must presume, and the trial court should have presumed, that Marion Hamilton was of lawful

age and, therefore, this contention cannot be sustained. What we have thus far said disposes of the questions necessary to a decision in this case.

It is urged that section 10370, supra, is unconstitutional, and on this question we express no opinion. We observe in passing, however, that the constitutionality of laws dealing with the property of absentees, properly safeguarded as relating to estates of persons absent and not heard of for the statutory period creating a presumption of death, has been upheld. (*Cunnius* v. *Reading School District,* 198 U. S. 458, 25 Sup. Ct. 721, 3 Ann. Cas. 1121, 49 L. Ed. 1125.) The California court made some pertinent observations on the question of the constitutionality of section 1718, above referred to, in the case of *In re Estate of Lux,* 134 Cal. 3, 66 Pac. 30. The validity of such an appointment without notice has been upheld in the cases of *Leach* v. *Pierce,* 93 Cal. 627, 29 Pac. 239, and *In re Estate of Roarke,* 8 Ariz. 16, 68 Pac. 527.

The district court was without jurisdiction to make the original order, in that there was no showing of the necessity for the appointment of an attorney, as no proceedings were pending in which he could render any service to the court. The purpose of the statute, in a proper case, is to enable the court to secure the services of an attorney to protect the rights of those who are not otherwise represented in a proceeding pending for hearing. As soon as heirs or legatees are represented, the appointment made by the court should be terminated. Certainly, the legislature never intended that estates should be mulcted for the benefit of members of the legal profession (*Robouam's Heirs* v. *Robouam's Exr.,* supra), nor that the payment of an attorney fee to a resident attorney should be made a condition before an absent heir might receive an inheritance (*In re Estate of Lux,* supra).

It is ordered that a peremptory writ of supervisory control issue out of this court to the district court of Silver Bow county, directing it to annul, vacate, and set aside its orders

denying the motion of the relators herein, and further directing the court to grant both motions of the relators.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.